CITY OF NEW ORLEANS *v.* THE WARDENS OF THE CHURCH OF ST. LOUIS.

A cemetery is an indispensable part of every city, or town, and wherever situated, must be in the neighborhood of private property. Such cemetry is not a nuisance because it depreciates the marketable value of the property in its neighborhood.

The doctrine that the city of New Orleans has a right to violate a contract, and redress is to be had only in damages against the city, is as unsound as it is novel. The violation of a contract may be, and very often is, the ground of an action sounding in damages against the party who has violated the contract. But the claim in such a case is for the reparation of a wrong, and the very opposite of a recognition of a right to violate a contract.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Livingston*, City Attorney. *Preaux*, for defendants and appellants.

BUCHANAN, J. (MERRICK, C. J., absent.) The Legislature of the State, by an Act approved the 16th March, 1848, (Session Acts, p. 81,) authorized the defendants, a religious corporation, to establish within the limits of the city of New Orleans, a cemetery for the burial of Roman Catholics; provided, says the act, said cemetery be established at a distance of at least one mile from the bank of the river Mississippi, and provided the consent of the municipality, in which the same may be located, be first obtained.

Under the authority given them by this Act of the Legislature, the defendants purchased a piece of ground, measuring two arpents front, on the Bayou St. John, by a depth of fourteen or sixteen arpents, the same being more than a mile distant from the bank of the Mississippi; and on the 18th of November, 1850, the council of Municipalty No. Three, within which the ground is situated, gave its consent, by resolution, to the establishment of a cemetery by defendants, upon certain conditions therein expressed, on the said piece of ground; and by another resolution, authorized the Mayor to sign all notarial acts that the defendants might require, in order to carry into effect the resolutions of the council.

On the 6th of December, 1850, a contract was passed by notarial act between *A. D. Crossman*, Mayor of the city of New Orleans, and *F. Labatut*, President of the Board of Wardens of the Church of St. Louis, reciting the above mentioned resolutions of the Council of Municipality No. Three, and containing reciprocal stipulations on the part of the two contracting parties, in conformity therewith.

The present suit is brought by the city of New Orleans, a corporation, which by the Consolidation Act of 1852, has succeeded to the Municipality No. Three, to enjoin the defendants from making use, as a cemetery, of the piece of ground on the Bayou St. John, acquired by them as aforesaid, under authority from the Legislature, and mentioned in the resolutions and notarial contract of Municipality No. Three.

The reason alleged for the injunction prayed for, is that the present municipal corporation has repealed, by resolution adopted the 4th December, 1854, the ordinance passed by Municipality No. Three, on the 18th of November, 1850, granting permission to the Church of St. Louis, to establish a cemetery on the land purchased by them near the Bayou St. John. The petition alleges, moreover, that said cemetery is, and will become a nuisance, and detrimental to the health of the city.

The defendants answer: 1st. That they derive their authority to have and use the land in question for a cemetery, from a statute of the State, which cannot be invalidated or rendered inoperative by a city ordinance. 2d, That the cemetry is not a nuisance. And, 3d, That by the contract with the late Third Municipality, the defendants have a vested right, of which plaintiffs, as the other party to that contract, cannot deprive them without their consent.

On the trial of the cause, there was not a syllable of evidence to show that the cemetery in question is a nuisance. The only parol evidence offered by plaintiffs, is that of real estate brokers, who give their opinions as to the influence of a cemetery in depreciating the value of property belonging to certain proprietors in the neighborhood, being the same individuals who heretofore sued out an injunction, which was dissolved by judgment of this court last year. See the case of *Musgrove et al.* v. *Catholic Church of St. Louis*, 10 An. 431.

We cannot perceive that the fact of *Mr. Ramos'* or *Mr. Blanc's* property being depreciated in a speculative point of view, by the neighborhood of a cemetery, affords a good reason for the city to prohibit the cemetery. It is very evident that, wherever located, the cemetery must be in the vicinity of private property, belonging to persons, who might be able to prove that the marketable value of their property is injuriously affected by such vicinity.

But we deem it unnecessary to maintain by argument, that a cemetery is an indispensable part of every city or town. The case of the *Brick Presbyterian Church* v. *The Mayor*, 5 Cowan, where the corporation of New York shut up a grave yard, after it had been in use for sixty years, which had been originally opened with their permission, is no precedent at all for this proceeding, when, at most, only one or two interments have been made, since the permission of the municipality was given. The other cases cited by plaintiffs' counsel, are cases of an abatement of flagrant nuisances, proved to be such, by acts of the municipal authorities, often very summary, but justified by the police powers vested in those authorities, for the protection of the public health and the safety of life and property. The existence of very extensive powers for such purposes in municipal corporations, has been too often recognized, to be now the subject of dispute.

But the counsel of the city takes much higher ground for his client. He holds, that if the repeal of the ordinance of 18th of November, 1850, be not justified by the facts, and if it be even a manifest violation of a contract on the part of the city, yet the latter has the power to violate its contracts, and the defendants have no redress, except in an action for damages. The following is the language of the learned counsel :

" The municipal corporation, acting within its corporate powers, can, as an individual, make and break contracts. If there is no justification under the powers conferred, then it can be made liable to pay such damages as would naturally flow from the breach of the contract. But the breach of the contract would put an end to the cemetery proposed to be established, and the Wardens would be compensated in the damages proved and awarded."

This is a doctrine as unsound as it is novel. The violation of a contract may be, and very often is, the ground of an action sounding in damages, against the party who has violated the contract. But the claim in such a case is for the reparation of a wrong; and the very opposite of a recognition of a right, to violate the contract.

NEW ORLEANS
*v.*
ST. LOUIS CHURCH

This is believed to be the first case of the violation of a contract being made a ground of action on the part of him who has violated it.

Judgment reversed; and injunction dissolved, at costs of the plaintiff and appellee.