[No. 15336.    Department Two.—June 5, 1894.]

W. E. DENNISON, RESPONDENT, *v.* E. W. CHAPMAN, APPELLANT.

CHANGE OF PLACE OF TRIAL—VACATION OF DEFAULT—CONDITION OF ANSWER TO MERITS—SECOND MOTION UNAUTHORIZED.—Where the time for defendant to answer has been repeatedly extended, and he finally appears and moves for a change of venue, but fails to file his answer or demurrer, whereupon his default is entered, and thereafter the court, upon motion of the defendant, sets aside the default and allows him ten days to "answer upon the merits," and such allowance imposes a condition against further delay or dilatory plea, a second motion for change of venue is unauthorized, and is properly denied.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a change of venue.

The facts are stated in the opinion of the court.

*Maxwell & McEnerney*, for Appellant.

The first motion having been made before appearance, was premature. (*Briasco* v. *Lawrence*, 4 N. Y. Supp. 94.) The defendant had, therefore, the right to renew his motion with or without leave. (Code Civ. Proc., sec. 182; *Riggs* v. *Pursell*, 74 N. Y. 379; *Veeder* v. *Baker*, 83 N. Y. 159, 162, 163.) The second motion was based upon the right which arose for the first time when the defendant answered. This fact was not before the court on the first motion, and, therefore, the order thereon was no bar to the second. (*People* v. *Mercein*, 3 Hill,

399-420; 38 Am. Dec. 644; *Brady* v. *Burke*, 90 Cal. 1; *Ferrea* v. *Chabot*, 63 Cal. 564; *Robinson* v. *Satterlee*, 3 Saw. 139; *Steuben County Bank* v. *Alberger*, 83 N. Y. 274; *Le Roy* v. *Rogers*, 30 Cal. 229; 89 Am. Dec. 88.)   The order opening the default must be construed as restoring the defendant to his position before default, except that he could not demur to the complaint.   The limitation in the order, that he.shall " answer upon merits," simply means that he shall defend by answer, but not by demurrer; and it should not, by mere inference, be turned into a provision depriving him of the right to move for a change of venue.   Nor should the right be presumed waived, except in a clear case.   (See *Greer* v. *Tripp*, 56 Cal. 212; *Williams* v. *Keller*, 6 Nev. 145.)

*George A. Rankin*, for Respondent.

McFARLAND, J.—This is an appeal by defendant from an order of the court below, denying his motion for a change of place of trial.

The action was commenced in the superior court of San Francisco August 26, 1892, and summons was served on appellant September 2, 1892; and by various orders his time to answer was extended to and including October 31, 1892.   On that day—being the last day for answering—appellant filed a motion for a change of venue to El Dorado county, which he claimed as his place of residence; but no answer or demurrer was filed. The motion was afterwards denied without leave to renew it.   On November 3, 1892, default was regularly entered against appellant.   Afterwards he moved to set aside the default; and, on November 18, 1892, the court ordered that the motion be granted, " and defendant allowed ten days to *answer upon merits.*"   On the last of the ten days appellant filed an answer, and also another motion for a change of venue.   The court denied the second motion, and from the order denying it this appeal is taken.

We think the order appealed from should be affirmed.

It is not necessary to inquire whether the first motion was a nullity because premature, and whether under any circumstances a second motion could have been entertained without leave having been given to renew when the first was denied. The appellant, after his time to appear had been repeatedly extended, finally suffered default. The court, in opening the default and allowing appellant to appear notwithstanding his laches, had undoubtedly the power to impose reasonable terms. It is clear that the court did impose the conditions that he should not come in for the purpose of further delay, or to file dilatory pleas, but should answer upon the merits; and it is equally clear that the condition under the circumstances was not unreasonable.

The order is affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.