[L. A. No. 6544. In Bank.—June 17, 1921.]

SAN DIEGO TUBERCULOSIS ASSOCIATION (a Corporation), Appellant, v. CITY OF EAST SAN DIEGO (a Municipal Corporation), et al., Respondents.

[1] MUNICIPAL CORPORATIONS — POLICE POWER — LIMITATIONS. — The police power of a municipal corporation is very broad, but it is not without limitation, and one of the limitations is that its exercise may not be arbitrary or unreasonable.

[2] ID. — HOSPITAL FOR TREATMENT OF CONTAGIOUS AND INFECTIOUS DISEASES—PROHIBITION OF MAINTENANCE WITHIN MUNICIPALITY— VOID ORDINANCE.—A municipal ordinance prohibiting the maintenance anywhere within the city of a hospital for the treatment

of persons afflicted with contagious or infectious diseases is wholly unreasonable and invalid.

[3] INJUNCTION—PREVENTION OF ENFORCEMENT OF INVALID ORDINANCE —RIGHT OF INDIVIDUAL.—An action will lie to enjoin the enforcement of an invalid municipal ordinance in cases where such enforcement will cause substantial and irreparable injury to private property or private property rights and there is no adequate remedy in the ordinary course of law.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Reversed.

The facts are stated in the opinion of the court.

W. Jefferson Davis for Appellant.

Arthur T. French for Respondents.

OLNEY, J.—This is an appeal by plaintiff from a judgment rendered against it upon the sustaining of a demurrer to its complaint. The sole question in the case is as to whether or not the facts stated in the complaint make out a cause of action. The facts are:

The plaintiff is a corporation formed for benevolent purposes, and has for some years owned and operated a hospital for the treatment of those afflicted with tuberculosis. The hospital is located in the city of East San Diego, a small municipality adjoining the city of San Diego proper, and the defendants are the municipality and certain of its officials. On July 3, 1919, the city trustees passed an ordinance declaring every hospital for the treatment of persons afflicted with contagious or infectious diseases to be a nuisance, making the maintenance of any such hospital within the limits of the city a misdemeanor, making its maintenance a separate offense for each day it was maintained, and providing for punishment by fine or imprisonment for every offense. After the passage of the ordinance, the city authorities commenced a series of criminal prosecutions against the plaintiff, and threatened to arrest and prosecute its officers and employees and to keep on arresting and prosecuting them until the plaintiff should be compelled to close the hospital. Upon the grounds that the ordinance is invalid and that the plaintiff would be irreparably injured in its property right to maintain and conduct the hospital and had no

other adequate means of relief, an injunction was asked enjoining the defendants from attempting to enforce the ordinance.

Two questions are presented: First, is the ordinance invalid, and, second, even if it is, can its enforcement by the city officials be enjoined? The answer to both of these questions seems to us plain.

The ordinance can be justified only as an exercise of the city's police power. [1] This power is, of course, very broad, but it is not without limitation. One limitation enforced in numerous cases is that an ordinance purporting to be an exercise of the city's police power "may not be arbitrary or unreasonable. The exercise of the police power cannot be made a mere cloak for the arbitrary interference with or suppression of a lawful business." (*Laurel Hill Cemetery* v. *San Francisco,* 152 Cal. 464, [93 Pac. 70]: See, also, *Ex parte Whitwell,* 98 Cal. 73, [35 Am. St. Rep. 152, 19 L. R. A. 727, 32 Pac. 870]; *Los Angeles County* v. *Hollywood Cemetery Assn.,* 124 Cal. 344, [71 Am. St. Rep. 75, 57 Pac. 153]; *In re Smith,* 143 Cal. 368, [77 Pac. 180]; *Abbey Land Co.* v. *San Mateo,* 167 Cal. 434, [52 L. R. A. (N. S.) 408, 139 Pac. 1068]; *Lawton* v. *Steele,* 152 U. S. 133, [38 L. Ed. 385, 14 Sup. Ct. Rep. 499]; *Holden* v. *Hardy,* 169 U. S. 366, [42 L. Ed. 780, 18 Sup. Ct. Rep. 383, see, also, Rose's U. S. Notes].)

[2] Such being the law, was the present ordinance a reasonable one in its essential feature, that of prohibiting within the city any hospital for the treatment of contagious or infectious diseases? Such prohibition is very different from regulation and can be justified only on the ground that such a hospital, no matter how well conducted, is a menace to the public peace, morals, health, or comfort. That a well-conducted, modern hospital, even one for the treatment of contagious and infectious diseases, is not such a menace, but, on the contrary, one of the most beneficent of institutions, needs no argument. There is not the slightest danger of the spread of disease from it, and this is the only possible ground on which objection could be made to it. We have no hesitation in holding an ordinance prohibiting the maintenance anywhere within a city of an institution so necessary in our modern life and so beneficent to be wholly unreasonable and invalid. For closely analogous cases see *Ex parte*

*Whitwell,* 98 Cal. 73, [35 Am. St. Rep. 152, 19 L. R. A. 727, 32 Pac. 870], and *Abbey Land Co.* v. *San Mateo,* 167 Cal. 434, [Ann. Cas. 1915C, 804, 52 L. R. A. (N. S.) 408, 139 Pac. 1068].

As to the second question, the enjoining of the enforce-ment of the ordinance, the rule is thus stated in *Abbey Land. Co.* v. *San Mateo,* just referred to (167 Cal. 440, [Ann. Cas. 1915C, 804, 52 L. R. A. (N. S.) 408, 139 Pac. 1070]):

[3] "The doctrine that an action will lie to enjoin the enforcement of an [invalid] municipal ordinance in cases where such enforcement will cause substantial and irrepar-able injury to private property or private property rights and in which there is no adequate remedy in the ordinary course of law, is now too well settled to require discussion. The doctrine is stated and the cases supporting it are cited in 2 McQuillin on Municipal Corporations, section 805. (See, also, *Dobbins* v. *Los Angeles,* 195 U. S. 241, [49 L. Ed. 169, 25 Sup. Ct. Rep. 18]; *Davis etc. Co.* v. *Los Angeles,* 189 U. S. 218, [47 L. Ed. 778, 23 Sup. Ct. Rep. 498]; *Ex parte Young,* 209 U. S. 146, [14 Ann. Cas. 764, 13 L. R. A. (N. S.) 932, 52 L. Ed. 714, 28 Sup. Ct. Rep. 441]; *Philadelphia* v. *Stimson,* 223 U. S. 621, [56 L. Ed. 570, 32 Sup. Ct. Rep. 340]; *Savage* v. *Jones,* 225 U. S. 521, [56 L. Ed. 1182, 32 Sup. Ct. Rep. 715, see, also, Rose's U. S. Notes].)"

It is evident in the present case that the enforcement of the ordinance would cause substantial and irreparable injury to the plaintiff's property, and that against the threat of its enforcement by the repeated prosecutions which the ordi-nance permits, the plaintiff has no adequate remedy. The case, therefore, comes within the rule stated in *Abbey Land Co.* v. *San Mateo, supra,* and upon the facts alleged in the complaint the plaintiff was entitled to have the enforce-ment of the ordinance enjoined.

Judgment reversed.

Angellotti, C. J., Shaw, J., Sloane, J., Wilbur, J., Len-non, J., and Lawlor, J., concurred.