[No. A044752. First Dist., Div. Four. Jan. 30, 1990.]

CITY OF REDWOOD CITY, Plaintiff and Respondent, v.
DALTON CONSTRUCTION COMPANY, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

---

† Pursuant to California Rules of Court, rules 976 (b) and 976.1, this opinion is certified for publication with the exception of part II.

COUNSEL

Damer & Stryker and Nicholas Damer for Defendant and Appellant.

David E. Schricker, City Attorney, Myra J. Prestidge and Charles E. Sellner, Assistant City Attorneys, Carol Webster Millie and James A. Hildebrand for Plaintiff and Respondent.

OPINION

**CHANNELL, J.**—In 1983, appellant Dalton Construction Company contracted with San Mateo County to construct a public utility as part of the

county's wastewater management plan. In 1984, Dalton, a licensed contractor, obtained a permit from respondent City of Redwood City to haul " 'earth materials' " under this contract and paid $2,475 in fees pursuant to its hauling ordinance. Dalton's later request for a refund was refused by the city.

Pursuant to its county contract, Dalton transported " 'earth materials' " over the city's streets to a site in an unincorporated area on the outskirts of the city. It necessarily used vehicles with gross weights over three tons in order to complete this task. In June 1984, one of Dalton's drivers was cited for violating the city's earth hauling ordinance. Ultimately, the driver was acquitted of these charges.

In 1985, the city filed an action against Dalton to collect additional fees. In 1988, an arbitrator denied the city's claim. The city rejected the decision. In September 1988, the trial court awarded the city $8,500 in additional fees that it sought. Dalton appeals, contending that it is exempt from the city's hauling ordinance and that the criminal court determination that its driver was not guilty of violating the city's hauling ordinance required the civil court to find the ordinance was illegal under the doctrine of collateral estoppel. We affirm the judgment.

## I. EXEMPTION

First, Dalton argues that state law exempts it from application of the city's hauling ordinance. A city may generally *prohibit* use of a street by a vehicle exceeding a maximum gross weight limit. (Veh. Code, § 35701, subd. (a); see *Ratkovich* v. *City of San Bruno* (1966) 245 Cal.App.2d 870, 877, 884 [54 Cal.Rptr. 333].)[1] However, section 35704 creates an exception to this general authority by stating: "No ordinance adopted pursuant to Section 35701 to decrease weight limits shall apply to any vehicle owned by a public utility or a licensed contractor while necessarily in use in the construction, installation, or repair of any public utility." On appeal, the parties agree that Dalton was a licensed contractor operating a vehicle necessarily in use to construct a public utility, but disagree about whether section 35704 applies. The trial court found that the city's fee was a regulation, not a prohibition of use of its streets by vehicles over a certain weight limit which would have been precluded by section 35704. Therefore, it concluded, section 35704 did not apply and Dalton was required to pay the city fee.

We agree with the trial court's conclusion. By its plain language, section 35704 exempts certain contractors from the application of an ordinance

---

[1] All statutory references are to the Vehicle Code.

adopted pursuant to section 35701. Section 35701 permits cities to *prohibit* the use of city streets by heavy trucks. (See § 35701, subd. (a).) However, the portion of the city's hauling ordinance at issue in this case does not prohibit street use; it *regulates* users by requiring them to obtain a permit and pay a fee in order to lawfully drive their heavy trucks over city streets. (See Redwood City Code, §§ 20.62-20.74.) To determine the legislative intent behind a statute, courts look first to the words of the statute themselves. In so doing, we must give effect to the statute according to the usual, ordinary import of its language. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].)

To construe section 35704, which specifically creates an exemption from *prohibition* of use, to exempt the *regulation* of that use would violate these cardinal rules of statutory construction. ■ The distinction between a regulation and a prohibition is well understood in municipal law. (See *San Diego T. Assn.* v. *East San Diego* (1921) 186 Cal. 252, 254 [200 P. 393, 17 A.L.R. 513].) The term "prohibit" means "[t]o forbid by law; to prevent;— not synonymous with 'regulate.'" (Black's Law Dict. (5th ed. 1979) p. 1091, col. 1.) The term "regulate" means "to adjust by rule, method, or established mode; to direct by rule or restriction; to subject something to governing principles of law. It does not include a power to suppress or prohibit [citation]." (*In re McCoy* (1909) 10 Cal.App. 116, 137 [101 P. 419].) ■ Therefore, we are satisfied that section 35704 was not intended to apply to ordinances regulating street use, but only to those prohibiting such use.

The only case that construes the meaning of section 35704 is *Ratkovich* v. *City of San Bruno, supra*, 245 Cal.App.2d 870. The parties debate the applicability of *Ratkovich* to this case. We find it to be of little assistance to us in the present appeal. The issues in dispute in *Ratkovich*—whether the contracted project was for a public utility, whether the construction site was adjacent to the city, and whether the vehicles were necessarily in use within the scope of that statute—are stipulated to by the parties to the present appeal.[2] (See *id.*, at pp. 887-889.) Our case presents an issue not discussed in *Ratkovich*: whether section 35704 applies to a regulation imposing a fee as well as to a total prohibition of use. As we have determined, section 35704 does not exempt Dalton from the city's hauling ordinance because it is a regulation, rather than a prohibition.

Dalton also urges exemption from application of the statute based on the language of the contract. The pertinent provision of the county contract

---

[2] Dalton also contends that the clause in its county contract requiring it to pay all fees necessary to complete the work does not constitute a waiver of its right to challenge the city ordinance. The trial court did not hold that any waiver had occurred, but ruled on the merits of the decision. We have done the same.

provided that Dalton "shall comply with any and all [permit and license] requirements of [the city] and shall be responsible for obtaining all permits and licenses and for paying all fees related thereto." On appeal, Dalton contends that under this provision, it could reasonably assume that governmental agencies participating in the public utility project—including the city—would not increase its costs by requiring it to pay such fees. This argument attempts to put the cost burden on the city unless Dalton knew of and provided for payment of the fees in its bid for the county project.

■ However, parties to a contract are presumed to know all applicable laws in existence at the time that the contract is made. (*Alpha Beta Food Markets* v. *Retail Clerks* (1955) 45 Cal.2d 764, 771 [291 P.2d 433].) If Dalton did not know the permit and fee requirements that its project would entail and account for them before it offered its bid, it must accept the responsibility for its mistake. Therefore, any assumption that Dalton was exempt from the city's hauling ordinance fee requirements was unreasonable.[3]

## II. COLLATERAL ESTOPPEL*

. . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Anderson, P. J., and Perley, J., concurred.

---

[3] *Ratkovich* also discussed whether the ordinance enacted pursuant to section 35704 was an invalid exercise of police power because the fee was unreasonably high. (*Ratkovich* v. *City of San Bruno, supra*, 245 Cal.App.2d at pp. 877-883.) Dalton did not contend at trial that the fees were so large as to become prohibitive.

*See footnote, *ante*, page 1570.