[No. 7,566.—In Bank.]

## UNIVERSITY OF CALIFORNIA v. A. P. BERNARD.

CONSTITUTIONAL LAW—SPECIAL LEGISLATION. — The act of the Legislature, passed April 6th, 1880, providing for the funding of county indebtedness, is not special or local legislation, and is constitutional.

ID.—LEGISLATION.— Said act, although it adds five new sections to the Political Code, is an independent act.

ID.—ID.—Where there is a reasonable doubt whether an act is repugnant to the Constitution, its constitutionality should be affirmed.

APPEAL from a judgment for the defendant, in the Superior Court, County of Kern. BRUNDAGE, J.

The action was brought to recover a sum of money paid by the plaintiff to the defendant, who was treasurer of Kern County, upon an agreement between the plaintiff and said county, to the effect that the latter would sell and deliver to the plaintiff a certain amount of valid county bonds of said county. In compliance with the agreement, the defendant, on behalf of the said county, tendered to the plaintiff bonds issued in pursuance of the act of the Legislature referred to in the opinion. The plaintiff refused to receive them, and brought

this action to recover the money paid thereon. The Court rendered judgment for the defendant, and the plaintiff appealed.

*Flournoy & Mhoon*, for Appellant.

*G. V. Smith*, for Respondent.

THORNTON, J.:

The decision of this cause turns on the constitutionality of an Act of the Legislature, approved April 16th, 1880 (see Amendments to Codes for 1880, p. 62), entitled " An Act to add five new sections to the Political Code providing for funding and refunding county indebtedness."

It is contended that this act is in conflict with the provisions of §§ 24 and 25, art. iv, of the Constitution of this State. After careful examination of the sections referred to, we have failed to detect any such conflict. The statute, in our opinion, is general, and not special or local, and although it adds five new sections to the Political Code, it is in itself an independent act. The mischief which § 24, above referred to, was intended to prevent does not appear in this act at all. To hold that it is unconstitutional would be an unwarrantable interference with the powers vested in the Legislature by the Constitution. The rule defining the duties of the judiciary in passing on the constitutionality of an act of the Legislature is well settled in this State: that such an act should not be declared unconstitutional and void, unless there is a clear repugnance between the act and the Constitution; and where there is a reasonable doubt whether the act is repugnant to the Constitution, its constitutionality should be affirmed. (*Bourland* v. *Hildreth*, 26 Cal. 162; *Day* v. *Jones*, 31 id. 263; *Appeal of N. B. & M. R. R. Co.* 32 id. 527; *Ex parte Shrader*, 33 id. 279; *Corwin* v. *Ward*, 35 id. 199; *Brooks* v. *Hyde*, 37 id. 375; *Ex parte Smith*, 38 id. 710; *S. & V. R. Co.* v. *City of Stockton*, 41 id. 157, and cases there cited.)

There is, in our opinion, no reasonable doubt that it was within the competency of the Legislature to enact the statute above referred to, and therefore the judgment in this cause should be affirmed.

So ordered.

MORRISON, C. J., SHARPSTEIN, J., MYRICK, J., and ROSS, J., concurred.

[McKEE, J., being disqualified, took no part in the decision of this case.]