[Crim. No. 1296. In Bank.—March 31, 1906.]

## Ex Parte ROBERT DIETRICH, on Habeas Corpus.

CONSTITUTIONAL LAW—INVALID EXERCISE OF POLICE POWER—REGULATION OF SALE OF BUTTER.—The act of March 20, 1905, requiring the durable marking of packages of butter containing less than six pounds and more than one half pound, by letters or figures not less than one fourth of an inch high, so as to advise the purchaser or others as to the exact weight of butter contained in such packages, and making it a misdemeanor not to comply therewith, is not a valid exercise of the police power, and is unconstitutional and void. [Shaw, J., Sloss, J., and Angellotti, J., dissenting.]

WRIT OF HABEAS CORPUS to the Sheriff of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Titus, Wright & Creed, for Petitioner.

I. Harris, for Respondent.

McFARLAND, J.—Petitioner was convicted of violating the provisions of an act of the legislature approved March 20, 1905, (Stats. 1905, p. 316, c. 302,) and was sentenced to imprisonment, and he seeks to be discharged on habeas corpus upon the ground that the said act is unconstitutional and void because violative of petitioner's common right to the enjoyment of property and to make ordinary and lawful contracts. The title of the act and section 1 thereof—which alone are important here—are as follows:—

"An act requiring the marking of packages of butter containing less than six pounds and more than one half pound so as to advise the purchaser or others as to the weight of butter contained in such package.

"Section 1.  No person or persons, firms or corporations, by themselves or their agents or employees, shall sell, manufacture or prepare for sale, offer for sale or expose for sale, or have in his or their possession for sale, or consign, ship or present to any dealer, commission merchant, consumer, or other person, any butter in packages containing less than six pounds and more than one half pound, unless the exact weight of such butter contained in such package or packages, rolls, prints or other form of package, expressed in the number of pounds or ounces or in both pounds and ounces, shall be printed or durably and legibly marked upon the wrapper or other container of such butter in letters or figures, or in both letters and figures, not less than one fourth inch high·and upon the same side or face of such package upon which the producer's or seller's name and address appears, and if such name and address does not appear, the weight alone shall be legibly and durably placed upon such package in letters or figures not less than one fourth of an inch high."

A violation of this section is made a misdemeanor.

The clear purpose, as expressed in the title, is that of "re-

quiring the marking of packages of butter'' which the owner proposes to sell; and the body of the act requires that each package, between certain weights, shall have its ''exact weight'' marked on it in letters or figures not less than one fourth of an inch high. In our opinion the act is unconstitutional and void, within the decisions of this court in *Ex parte Drexel*, 147 Cal. 763, [82 Pac. 429]; *Ex parte Hayden*, 147 Cal. 649, [82 Pac. 315]; *Ex parte Dickey*, 144 Cal. 234, [77 Pac. 924, 103 Am. St. Rep. 82]; *Ex parte Jentzsch*, 112 Cal. 468, [44 Pac. 803]; *In re Kelso*, 147 Cal. 609, [82 Pac. 241]; *Ex parte Whitwell*, 98 Cal. 73, [32 Pac. 870, 35 Am. St. Rep. 152]. It would serve no useful purpose to here restate the views and declarations of law expressed in the opinions in those cases. The general principle therein declared is that the legislature cannot impose onerous and unnecessary burdens upon property and business and the right of contract, except when this may be done under the police power for the protection of the public health, morals, safety, etc. The act in question here is not for the purpose of preventing the sale of impure food, or the adulteration of food, or selling one kind of food under the name of another. The offense which it endeavors to create is that of not marking in the exact manner prescribed by the act. And this manner is certainly a most onerous one. Indeed, it would scarcely be practicable to comply literally with the requirement; and an approximate compliance would be exceedingly expensive and burdensome. The act does not come within the legitimate scope of the police power as described in the cases above cited, and seems to be an unwarranted restriction on the citizen's constitutional right to his property and to his privilege of freely following a legitimate business, and not required by any public necessity. Respondent has cited some authorities, but most of them are not in point, being in the category of ''oleomargarine cases.'' Perhaps one or two of them lend some countenance to respondent's contention; but if they can be so construed they do not meet our approval.

It is ordered that the respondent, Robert Dietrich, be and he hereby is discharged from custody.

Beatty, C. J., Henshaw, J., and Lorigan, J., concurred.

SHAW, J.—I dissent. The act is intended to prevent in

some degree the practice of fraudulently selling packages of butter at underweight, a practice which we cannot say is infrequent. The prevention of fraud is a legitimate exercise of the police power. That the putting of a label on the outside of every package, showing its weight correctly, will tend to prevent the fraud at which the law is directed, must be admitted. If so, the extent of the preventive effect, and whether the results are sufficient to justify the inconvenience entailed upon a lawful business, are questions which the legislature must in the first instance decide. Its decision on such questions is conclusive upon the courts, unless it appears that the interference with the business, as compared with the benefits resulting therefrom, will be so great as to render the law an unreasonable exercise of the police power. This we cannot do without violating the rule of statutory construction to the effect that a statute must, if possible, be so construed as to make it constitutional. The requirement that the package shall be marked with its ''exact weight,'' must receive a reasonable interpretation, and a slight deviation from the precise weight, not willfully or knowingly made, would not be held a violation of the law. Thus construed, I am of the opinion that the burden imposed on the business is not sufficiently onerous to justify this court in declaring it void as an unreasonable interference with business. It is common knowledge that in this state butter is almost invariably pressed in molds and wrapped in cloth or paper to prepare it for the market. The weight is always known or very easily ascertained by the maker. With modern facilities for printing, it will not be difficult or expensive to make that weight appear on the outside of the package, as required by the law in question. That it may be oppressive in rare instances, is not a judicial objection to the validity of a law of this character. The legislative judgment that such frauds are so prevalent as to justify the preventive legislation is not so clearly wrong as to require interference by the court. The error must be beyond reasonable doubt, or the legislative decision must be upheld. (*Bourland* v. *Hildreth*, 26 Cal. 184; *University* v. *Bernard*, 57 Cal. 612; *In re Madera Irr. Dist.*, 92 Cal. 310, [28 Pac. 272, 675, 27 Am. St. Rep. 106]; Cooley on Constitutional Limitations, 7th ed., 228.)

Sloss, J., and Angellotti, J., concurred.