[Crim. No. 1526. In Bank.—December 22, 1909.]

In Re E. L. McCAPES, on Habeas Corpus.

POLICE POWER—CARELESS SETTING OF FIRES.—The purpose of section 384 of the Penal Code being to prevent the destruction of property, and particularly of forests, by the careless setting of fires, is within the police power of the state.

ID.—UNREASONABLE RESTRICTION AGAINST BUILDING FIRES—CONSTITUTIONAL LAW.—Subdivision 3 of section 384 of the Penal Code, declaring it a misdemeanor if any person shall willfully or negligently build "a fire on his own land for the purpose of burning

brush . . . or any other thing whatsoever, . . . provided that any
state or district fire warden may in his reasonable discretion give
a written permit to any person desiring to build fires," is violative
of section 1 of the fourteenth amendment of the United States
constitution, and of section 1 of article I of the state constitu-
tion, in that it is unreasonable and oppressive in unduly interfer-
ing with the owner's right to the enjoyment and use of his property.

ID.—REASONABLENESS OF EXERCISE OF POLICE POWER A JUDICIAL QUES-
TION.—While the right to legislate in the exercise of the police power
is fully acknowledged by the courts, in each instance the question
as to whether or not the constitutional rights of the citizen as to his
person or property have been unduly invaded is always a judicial
question.

APPLICATION for a Writ of Habeas Corpus directed to
the Sheriff of Madera County.

The facts are stated in the opinion of the court.

W. H. Larew, for Petitioner.

U. S. Webb, Attorney-General, J. Charles Jones, and G. G.
Goucher, District Attorney, for Respondent.

HENSHAW, J.—Petitioner was charged with and con-
victed of a violation of subdivision 3 of section 384 of the
Penal Code. That section declares it to be a misdemeanor
if any person shall willfully or negligently build "a fire on
his own land for the purpose of burning brush, stumps, logs,
rubbish, fallen timber, fallows, grass or any other thing
whatsoever, . . . provided, that any state or district fire war-
den may in his reasonable discretion give a written permit to
any person desiring to build fires," etc. He earnestly contends
that the section under which he is charged is unreasonable
and oppressive, that it unduly and unwarrantedly interferes
with his right to the enjoyment and use of his property, and
that thus and therefore it is in violation of section 1 of the
fourteenth amendment of the constitution of the United
States and of section 1 of article I of the constitution of this
state. The contention of the petitioner, we think, must be
upheld.

It is to be noted that the act is designed to prevent the
destruction of property, and particularly of forests, by the
careless setting of fires. In its purview and purpose, there-

fore, the act is within the police power of the state. No one at this day can be unaware of the great havoc wrought by forest fires, and, indeed, in states such as this, which undergo long periods of drouth, of the loss which results from fires sweeping over the farming lands and destroying the crops. The purpose of the law being for the general good of the state, to prevent the destruction of property by fires carelessly set and allowed to escape control, not only brings the act strictly within the police power, but the purpose must commend the act to every court. Nevertheless, in the accomplishment of that purpose, it is quite plain that the legislature has transgressed all reasonable bounds. It is an exemplification of what this court said in *Ex parte Jentzsch*, 112 Cal. 468, [44 Pac. 803] : "So, while the police power is one whose proper use makes most potently for good, in its undefined scope and inordinate exercise lurk no small danger to the republic. For the difficulty which is experienced in defining its just limits and bounds affords a temptation to the legislature to encroach upon the rights of citizens with experimental laws, none the less dangerous because well·meant."

We are here concerned only with the validity or invalidity of subdivision 3 of section 384, under which this petitioner is charged. But a consideration of other sections will serve to illumine the discussion. Section 1 makes it a misdemeanor to set fire to any forest, woodland, brush, prairie, grass, grain, stubble, or any other material being or growing on lands not owned by the person who may set the fire, without the permission of the owner of such land. But the same section permits one to build camp-fires upon lands not his own without the permission of the owner, or anybody else, if the lands are uninclosed, if the camp-fire is built "in a careful manner," and if, before departing from the place where such camp-fire has been built, the builder "first totally extinguishes the same." But by section 3, a man cannot build a fire on his own land for the purpose of burning brush, stumps, logs, rubbish, fallen timber, fallows, grass, or any other thing whatsoever, without first obtaining a permit so to do, or unless the fire be built (subdivision 5)' in good faith and with reasonable care as a "back fire" for the purpose of stopping the progress of a fire then actually burning. Railroad companies, in the dry season, frequently burn the weeds along

their rights of way for the very purpose of preventing fires. Road overseers and supervisors do the same thing along the highways. Yet under this law, not only may this not be done, but a farmer may not burn a brush pile or a rubbish heap in his back yard without first obtaining permission from some fire warden, and if in his county there be no such fire warden he may not make a fire at all, until in due course one shall have been appointed, to whom he may make petition. The language of this section is so broad as to have little or no relation to the real purpose of the act. It prevents the setting of any fire without permission from a fire warden, though the fire be set with scrupulous care, and by no possibility could work the destruction of property. Such a law upon the face of it is an unreasonable interference with the rights of property. But if it be said that notwithstanding the language, the law will be given a construction which will avoid hardship, it must be answered that by its terms it makes it a crime for any man to light a fire on his land for the purpose of burning "anything whatsoever," and declares the person who does so a criminal, regardless of the fact that the fire was carefully set and guarded and regardless of the fact that no injury to anybody resulted from the setting. In other words, every person so setting a fire would be guilty of a crime, and the question whether he should be punished or not would rest largely in the friendship or hostility of his neighbors, or of the informer who by this law receives one half of the fines upon conviction. The facts in the case at bar may be referred to in illustration of the working of such a law. The petitioner was digging a well upon his own land. It became necessary for him to blast rock. Fearful lest a burning fuse hurled by the exploding blast might set fire to the grass in the vicinage he prudently and carefully burned off this dry grass without causing the slightest damage to any property. He built this fire, however, without obtaining permission from a district firewarden. Indeed, at the time that he set it there was no district fire warden. Subsequently the county of Madera caused the appointment of a fire warden, and this fire warden procured the arrest of the defendant for a violation of the law. This brief statement will better serve to illustrate the unreasonableness of the law than would many pages of exposition.

It is unnecessary to elaborate upon the principle involved in this determination,—namely, that while the right to legislate in the exercise of the police power is fully acknowledged by the courts, in each instance the question as to whether or not the constitutional rights of the citizen as to his person or property have been unduly invaded is always a judicial question. It is sufficient upon this to refer to such cases as *Ex parte Whitwell*, 98 Cal. 73, [35 Am. St. Rep. 152, 32 Pac. 870]; *Ex parte Jentzsch*, 112 Cal. 468, [44 Pac. 803]; *Ex parte Dickey*, 144 Cal. 234, [103 Am. St. Rep. 82, 77 Pac. 924]; *Ex parte Hayden*, 147 Cal. 649, [109 Am. St. Rep. 183, 82 Pac. 315]; *Ex parte Drexel*, 147 Cal. 763, [82 Pac. 429]; *Ex parte Dietrich*, 149 Cal. 104, [84 Pac. 770]; *In re Kelso*, 147 Cal. 609, [109 Am. St. Rep. 178, 82 Pac. 241].

For the foregoing reasons the prisoner is discharged.

Lorigan, J., Melvin, J., Angellotti, J., and Shaw, J., concurred.