85 Cal.App.2d Supp. 821 (1948)
THE PEOPLE, Respondent,
v.
RICHARD C. GOODSPEED, Appellant.
California Court of Appeals. 
April 8, 1948.
 William N. Parker for Appellant.
 W. E. Simpson, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.
 BISHOP, J.
 If section 588 of the Penal Code is valid, then every property owner in the state whose land lies at any elevation above the highway which bounds it is guilty of a misdemeanor, subjecting him to a possible fine and imprisonment, if water from the car he washes, or the rain which falls upon the roof of his house, finds its way harmlessly into the ditch along the side of the roadway, or into the concrete gutter next to the curb. Indeed, if section 588 is valid as it affects the defendant in this case, any landowner who waters the grass or the trees in the parkway in front of his place, violates its provisions. We have concluded that the Legislature in its attempt to outlaw a few harmful practices has unwarrantedly declared unlawful so many harmless ones, that as it bears upon this case section 588 is without validity.
 The section, since its redraft in 1921, reads as follows: "Every person who negligently, willfully or maliciously digs up, removes, displaces, breaks down or otherwise injures or destroys any state or other public highway or bridge, or any private way, laid out by authority of law, or bridge upon any such highway or private way, or who negligently, willfully or maliciously drains, diverts, or in any manner permits by seepage, overflow or otherwise, any waters thereinto or thereon from lands lying adjacent to or in the vicinity of [85 Cal.App.2d Supp. 823] any such state or other public highway or bridge or private way, shall be guilty of a misdemeanor."
 [1a] The defendant has appealed from the judgment following his conviction upon the charge that he "did wilfully, unlawfully and maliciously draw, divert, or in any manner permit by seepage, overflow, or otherwise, any water onto a public highway, to-wit, Duarte Road ..." The complaint was faulty in making its charges in the disjunctive (People v. Moss (1939), 33 Cal.App.2d Supp. 763, 767 [87 P.2d 932, 935]). It also perpetuated a defect appearing in the code section itself by failing to insert a verb to indicate what it was that was permitted. A further and more serious criticism of the complaint grows out of the fact that it does not charge that the "any water" which the defendant was alleged to have permitted [to flow] onto the highway, came from lands lying adjacent to or in the vicinity of the highway. From the evidence it appears that Duarte Road was "adjacent" to defendant's land. [2] The code section, it will be noted, does not purport to prohibit a person from discharging water from his land onto a highway, if the highway is neither adjacent to nor in the vicinity of his land.
 [1b] The complaint failed to state a public offense because of a still more vital defect, one found in the statute upon which it was based. We entertain no doubt that the Legislature had a factual basis for concluding that public highways had been damaged by the wilful, as well as careless, acts of persons in permitting water to pass onto the highways from lands bordering upon them, and that it was to put an end to such damaging practices that section 588 was enacted. That section, however, as already suggested, not only puts an end to harmful practices but also prohibits, by its penal sanctions, a multitude of acts which by no stretch of the imagination can be said to damage the highways involved, or to endanger any public interest. Most unsurfaced county roads have ditches on both sides, required and maintained to keep the roadways drained in the rainy season. Many county, and perhaps most city streets, are paved or otherwise surfaced from curb to curb. No reasonable contention can be made that a prohibition against permitting any water, at any time and in any amount, to find its way into either the ditches or the gutters, is required in order to prevent an amount being discharged under conditions where damage will result. The provisions in question present the pattern of an enactment so general that by its terms many innocent acts [85 Cal.App.2d Supp. 824] are declared to be unlawful and for which no defense may be made other than the futile one that the innocent acts will be overlooked by the law enforcement agencies; that only in the more flagrant cases will the law be made use of.
 "A legislative body may not, under the guise of the police power, impose restrictions that are unnecessary and unreasonable upon the use of private property or the pursuit of useful activities." (McKay Jewelers, Inc. v. Bowron (1942), 19 Cal.2d 595, 601 [122 P.2d 543, 546, 139 A.L.R. 1188].) "... prohibition is very different from regulation" (San Diego T. Assn. v. East San Diego (1921), 186 Cal. 252, 254 [200 P. 393, 394, 17 A.L.R. 513]). In a number of cases prohibitive legislation has been held unconstitutional although the need for some regulation was recognized. In addition to the case last cited, these few cases are given as illustrations: Ex parte Whitwell, 98 Cal. 73 [32 P. 870, 35 Am.St.Rep. 152, 19 L.R.A. 727]; In re Kelso (1905), 147 Cal. 609 [82 P. 241, 109 Am. St.Rep. 178, 2 L.R.A.N.S. 796]; Frost v. City of Los Angeles (1919), 181 Cal. 22 [183 P. 342, 6 A.L.R. 468]; Pacific Rys. Adv. Co. v. Oakland (1929), 98 Cal.App. 165 [276 P. 629].)
 We find In re McCapes (1909), 157 Cal. 26 [106 P. 229], a case quite in point. The petitioner had been charged with and convicted of violating subdivision 3 of section 384 of the Penal Code which declared it to be a misdemeanor if a person either negligently or wilfully built "a fire on his own land for the purpose of burning brush, stumps, logs ... or any other thing whatsoever," without a permit. Of the statute, the Supreme Court said (pp. 27-29): "The purpose of the law being for the general good of the state, to prevent the destruction of property by fires carelessly set and allowed to escape control, not only brings the act strictly within the police power, but the purpose must commend the act to every court. Nevertheless, in the accomplishment of that purpose, it is quite plain that the Legislature has transgressed all reasonable bounds. ..."
 "Railroad companies, in the dry season, frequently burn the weeds along their rights of way for the very purpose of preventing fires. Road overseers and supervisors do the same thing along the highways. Yet under this law, not only may this not be done, but a farmer may not burn a brush pile or a rubbish heap in his back yard without first obtaining permission from some fire warden, and if in his county there be no such fire warden he may not make a fire at all, until in due course one shall have been appointed, to whom he may [85 Cal.App.2d Supp. 825] make petition. The language of this section is so broad as to have little or no relation to the real purpose of the act. It prevents the setting of any fire without permission from a fire warden, though the fire be set with scrupulous care, and by no possibility could work the destruction of property. Such a law upon the face of it is an unreasonable interference with the rights of property. But if it be said that notwithstanding the language, the law will be given a construction which will avoid hardship, it must be answered that by its terms it makes it a crime for any man to light a fire on his land for the purpose of burning 'anything whatsoever,' and declares the person who does so a criminal, regardless of the fact that the fire was carefully set and guarded and regardless of the fact that no injury to anybody resulted from the setting."
 [3] By way of contrast to the comparable provisions of section 588, Penal Code, we invite attention to these provisions in the Streets and Highways Code: "Drainage of water, etc., obstructing natural water course so as to cause damage prohibited. It is unlawful for any person to do any of the following acts: (a) Drain water, or permit water to be drained, from his lands onto any State highway by any means which results in damage to the highway. ... (c) Store or distribute water for any purpose so as to permit it to overflow onto, to saturate by seepage, or to obstruct any State highway, to the damage of the highway." ( 725(a) and (c).)
 "Any person who, by means of ditches or dams, obstructs or injures any county highway, diverts any watercourse into any such highway, or drains water from his land upon any such highway, to the injury of the highway, is liable to a penalty of ten dollars for each day such obstruction or injury remains, recoverable as provided in section 1496, and is also guilty of misdemeanor." ( 1487.)
 "Any person who, in storing or distributing water for any purpose, permits water to overflow or by seepage to saturate any county highway, to the injury of the highway, shall, upon notification by the road commissioner of the district where such overflow or seepage occurs, repair the injury occasioned by such overflow or seepage. ..." ( 1488.) The possibility that defendant's corporation may have violated one of these provisions not charged in the complaint does not, of course, serve to uphold the conviction appealed from.
 [4] It is clearly established, then, that a statute which unnecessarily or unreasonably restricts the use which one [85 Cal.App.2d Supp. 826] wishes to make of his property is invalid although the purpose of the statute may be a worthy one. [5] But, it may be contended, the conclusion does not follow that those provisions of section 588 which are under consideration are invalid, for they do not restrict the activities of an owner upon his own land, but only prevent him from trespassing upon the property of another, to wit, the state. The fallacy of this contention becomes apparent when we recall that, except in rare instances, the only property that the state has in a highway is an easement; the owner of the "adjacent" land presumably owns the fee (Civ. Code, 831), and may make use of the land within the highway so long as he does not damage or interfere with its use as a highway. (Wright v. Austin (1904), 143 Cal. 236 [76 P. 1023, 101 Am.St.Rep. 97, 65 L.R.A. 949]; Colegrove W. Co. v. City of Hollywood (1907), 151 Cal. 425 [90 P. 1053, 13 L.R.A.N.S. 904]; Las Posas Water Co. v. Ventura County (1929), 97 Cal.App. 296 [275 P. 817].) "The appellant had a right, upon this highway, to do that necessary for the drainage of his lands, provided he did not interfere with the use of the highway, rendering it less safe, useful, or convenient for the public." (Nelson v. Fehd (1903), 203 Ill. 120 [67 N.E. 828, 829].) "The use which the abutting owner may make of the highway includes the right to maintain ditches or drains for the benefit of his lands, providing he maintains no nuisance in so doing, nor interferes with the use as a highway. [Cases cited.]" (Holm v. Montgomery (1911), 62 Wash. 398 [113 P. 1115, 34 L.R.A. N.S. 506, 507], followed by a note.)
 [6] The statutory provisions we have been considering may not be found sufficient to support the conviction in this case on the theory that the acts of the defendant corporation were such that they could have been made unlawful. "Language prohibiting conduct that may be prohibited and conduct that may not affords no reasonably ascertainable standard of guilt and is therefore too uncertain and vague to be enforced. [Cases cited.] A conviction based upon such a statute cannot stand even though the acts of misconduct in the particular case could be validly prohibited by properly drafted legislation." (In re Bell (1942), 19 Cal.2d 488, 496 [122 P.2d 22, 27], quoted and applied in In re Porterfield (1946), 28 Cal.2d 91, 115 [168 P.2d 706, 167 A.L.R. 675].)
 [7] The defendant's notice of appeal stated that an appeal was taken not only from the judgment of conviction but also "from the failure and refusal of the trial court to order the [85 Cal.App.2d Supp. 827] case dismissed in the interest of justice upon suggestion of defendant's counsel made when the prosecutor had rested his case." Any error which may lurk in the failure and refusal referred to may be reviewed on an appeal from the judgment of conviction, but it is not an appealable order. (People v. Faber (1938), 29 Cal.App.2d Supp. 751, 759 [77 P.2d 921, 925]; People v. Ward (1905), 145 Cal. 736, 738 [79 P. 448].)
 The appeal from the matter last referred to is dismissed. The judgment of conviction is reversed. The trial court is directed to dismiss the action, which dismissal may be for the purpose of filing an amended complaint.
 Shaw, P. J., and Stephens, J., concurred.