FAINER, J.
I respectfully dissent.
The trial evidence and defendant’s contention of error have been restated in this dissent to emphasize my disagreement with the majority opinion.
*Supp. 12 Defendant appeals from a judgment of conviction for permitting a truck tractor to park in her driveway in violation of section 9332(1 )(d) of the Temple City Zoning Code. The ordinance provides that “[N]o vehicle which is registered for commercial purposes pursuant to the . .. Vehicle Code ... and which exceeds three tons in unladen gross weight shall be parked or left standing on any part of any ‘R’ zoned property in excess of 30 consecutive minutes unless actual loading or unloading of said vehicle is in progress on said property.”
The trial evidence, including some stipulations of fact, established that the truck tractor was registered as a commercial vehicle under the Vehicle Code and had an unladen gross weight in excess of three tons. The property of defendant, where the vehicle was parked over a 12-hour period, was zoned residential (R). Defendant’s husband, a truck driver, had been parking a truck tractor in defendant’s driveway in Temple City for approximately 20 years. A police officer had advised defendant of the prohibitions of the subject ordinance sometime shortly before she was cited for the violation. The truck tractor was used by defendant’s husband in his work, as well as using it occasionally for recreational purposes.
Defendant testified that it would be an inconvenience and a hardship on her and her husband if the tractor could not be parked in the driveway when it was not being used. No neighbor had ever complained to defendant or to her husband about the tractor being parked in the driveway. There was evidence presented by defendant that some recreational vehicles exceeded three tons of unladen weight. The People dispute this evidence, but offer no contrary or contradictory evidence.
Defendant contends that the ordinance is unconstitutional because it unreasonably discriminates against residential property owners who own certain types of commercial vehicles, and it is unconstitutional in its application to defendant because her use was an existing nonconforming use when the ordinance was enacted.
The subject ordinance was adopted on September 20, 1977. We are not directed to any evidence that tells us the purpose or the objective of this zoning ordinance, but I assume that it was designed to prevent commercial trucking activities in a residential neighborhood or to prevent large vehicles from parking in residential driveways for extended periods. “Zoning is within the constitutional police power of a munici *Supp. 13 pality and is normally accomplished by local ordinances.” (5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 465.)
A municipality has the power to exclude commercial activities in a residential area. (Sechrist v. Municipal Court (1976) 64 Cal.App.3d 737 [134 Cal.Rptr. 733].) This exercise of police power must not be arbitrary or discriminatory nor overbroad. (People v. Goodspeed (1948) 85 Cal.App.2d Supp. 821 [192 P.2d 130] [a statute prohibiting a property owner from permitting flow of water from his land onto an adjoining highway was overbroad in that it condemned harmful practices but also a multitude of harmless acts].)[1]
Whether the ordinance is enacted to preserve the residential character of a neighborhood by prohibiting commercial activity or preventing any activity that detracts from the spiritual and esthetic value of the neighborhood, the regulation must be carefully drawn to avoid arbitrary discrimination. (Carlin v. Palm Springs (1971) 14 Cal.App.3d 706, 713, 714 [92 Cal.Rptr. 535].)
The subject zoning ordinance is examined in light of these constitutional restrictions. If the objective of the ordinance was to prevent commercial activity, it is unnecessarily broad in its prohibitions. The evil to be prevented could be accomplished without interfering with the noncommercial activity of parking a large truck tractor in a residential driveway.[2] The zoning objective could be accomplished by a less drastic regulation which did not interfere with the defendant’s use of her residential property permitting the noncommercial use of parking a truck tractor in her driveway.
*Supp. 14 If the purpose of the zoning ordinance was esthetic, it is unconstitutional because it unreasonably and arbitrarily discriminates against a residential property owner or occupier who parks a large commercial vehicle on his property and imposes no similar restrictions on a property occupier who permits a large recreational vehicle to be parked on his property. “From an aesthetic standpoint, there is no difference between ...” a large commercial vehicle parked in a residential driveway and a large recreational vehicle so parked. (See Carlin v. Palm Springs, supra, 14 Cal.App.3d at p. 714.) When the zoning ordinance permits other large vehicles to be parked on the residential property, it discriminates against the residential property occupier who permits large commercial vehicles to remain on the property. All large vehicles must be similarly regulated whether they are commercial vehicles or recreational vehicles in order to avoid an arbitrary, unreasonable discrimination. The subject ordinance is unconstitutional as it applies to defendant’s noncommercial activity of permitting a commercially registered truck tractor to be parked in a residential property when it is not being used commercially.
It is necessary to briefly discuss defendant’s nonconforming use contention (although I would have found the ordinance to be unconstitutional) because the legislative body or planning agency of the municipality, Temple City, may wish to enact an ordinance which will properly provide a reasonable adjustment period if the city is to regulate the parking or storage of large vehicles on residential property.
The defendant permitted a truck tractor to be parked or left on her property in Temple City for many years before the disputed ordinance was adopted. That use was an existing nonconforming use. (Los Angeles v. Gage (1954) 127 Cal.App.2d 442, 453-458 [274 P.2d 34].) Despite the rather strained and factually unsubstantiated argument of the People, the nonconforming use of the defendant was neither a nuisance nor a dangerous or hazardous activity. The defendant has presented evidence that the prohibition of the parking of the truck tractor on her residential property is a hardship to her and her family. If defendant were prevented from permitting a truck tractor to be parked in her driveway, she would be deprived of a legitimate property use. The majority’s solution to this hardship is to require the defendant to park some other place. This hardly seems to be a solution at all or an answer to defendant’s legal contention. The municipality ought to give defendant and all other persons similarly situated a reasonable adjustment *Supp. 15 period to terminate any such prohibited use. (5 Witkin, Summary of Cal. Law, supra, Constitutional Law, §§ 477, 479.)[3]
I would reverse the judgment of conviction and remand the matter to the trial court, with directions to dismiss the prosecution.

 As the police power can be exercised for esthetic objectives (Metromedia, Inc. v. City of San Diego (1980) 26 Cal.3d 848, 860 [164 Cal.Rptr. 510, 610 P.2d 407]), an ordinance or local regulation, proper on other grounds, will not be voided merely because it also accomplishes an incidental esthetic objective or purpose. In Berman v. Parker (1954) 348 U.S. 26, 32 [99 L.Ed. 27, 37, 75 S.Ct. 98], the United States Supreme Court held that the concept of public welfare is broad enough to permit a municipality to regulate “disreputable” housing not only to prevent crime and disease but to prevent people from rejecting as a place to live any community that is not clean, healthy or beautiful.

 I point out that the parking of a trailer either with or without the tractor is a commercial activity even though the trailer is empty because the trailer storage or parking activity could have only a commercial purpose. The truck tractor was used by defendant’s husband to drive to and from a place where his commercial trucking activity commenced. The defendant’s family occasionally used the truck tractor for recreational purposes.

 The existing ordinance does not provide for a reasonable period of time of adjustment despite the majority opinion holding to the contrary. It made no provision for a nonconforming use.