STATE *vs.* SAMUEL L. EPHRAIM

MAY 13, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

322

O'CONNELL, J.   This is an indictment charging the defendant with a violation of general laws 1938, chapter 610, §13, in that he unlawfully had "in his possession pictures, books, pamphlets, printed papers and other things containing obscene, indecent and impure language and manifestly tending to the corruption of the morals of youth for the purpose of exhibition."   After defendant's demurrer to the indictment was overruled and certain motions were denied, the case was tried before a justice of the superior court sitting with a jury.   The defendant was found guilty and has prosecuted to this court his bill of exceptions to the overruling of the demurrer, to certain evidentiary rulings, to a portion of the charge, and to the denial of his motions for a directed verdict and for a new trial.

At the trial a lieutenant in the Providence police department testified that on September 4, 1951, accompanied by another officer, he went to a bookstore conducted by defendant on Westminster street in the city of Providence; that he identified himself and told defendant that in a previous investigation of an obscene literature case it was learned that defendant had bought some of this obscene material; that he asked defendant if he had any of it and in response to his request defendant went to various places in the back of the store and produced a quantity of such literature which he turned over to the witness.   About one quarter of the material thus secured was presented in evidence as state's exhibit 1.

The lieutenant further testified that at police headquarters, where defendant and the material turned over by him to the police were taken, defendant signed a written statement concerning his possession of such material.   This was presented in evidence as state's exhibit 2.   He stated therein that he had been the owner of the bookstore since March 28, 1931; that he started dealing in obscene books after World War II; that two or three years previously he bought some material from a runner; that at first he made

only legitimate purchases but that later he bought about $2,000 worth of what he referred to as "Erotica"; and that among such "Erotica" were cards, books, photos, and other literature. The indictment charged that these contained obscene, indecent and impure language.

The defendant's demurrer is based substantially on the grounds that the indictment does not set out the charge against him with sufficient clarity and distinctness; that the alleged facts do not constitute an offense against the statute relied upon; that the indictment does not designate with particularity in what regard the alleged language is obscene, indecent and impure; that it fails to charge any crime with sufficient certainty to enable defendant to plead his acquittal or conviction thereon as a defense to any subsequent prosecution for the same offense; and finally that the said indictment violates sections 7 and 10 of article I of the constitution of Rhode Island.

The defendant contends in support of his demurrer that by reason of the failure of the grand jury to set out the character of the allegedly obscene material, or excusing its failure to do so by setting forth in the indictment that the material was so obscene it would be offensive to the court to place it upon the record, the defendant was deprived of his constitutional right to know the cause of the accusation. He further contends that the indictment failed to notify him of the cause for which he was indicted.

We cannot agree with these contentions. The charge against defendant is set forth in the language of the statute applicable to the offense laid in the indictment. See *State* v. *Domanski,* 57 R. I. 500. We are of the opinion that the charge as specified therein satisfies the constitutional requirements of article I, section 10, of the constitution of Rhode Island and the provisions of G. L. 1938, chap. 625, §3. All the essential elements of the offense charged appear in the indictment and the venue was properly laid. The fact that the defendant may require further particulars in order

to properly prepare a defense does not of itself constitute an insufficiency in the indictment as a matter of law. Such information is available under G. L. 1938, chap. 625, §3, clause 7, by way of a bill of particulars. See also *State* v. *Davis*, 39 R. I. 276, and *State* v. *Cairo*, 74 R. I. 377.

In our opinion the indictment does not violate section 7 of article I of the constitution of Rhode Island. Conviction in the instant case is a valid bar to a new indictment for the same offense. The trial in the instant case was on the merits, and a stenographic record is available to prove with precision the offense of which the defendant was charged and convicted. In the event of a second charge for the same offense he will be fully protected by reason of the availability of the record in the case including such stenographic report. See *State* v. *Cairo, supra*. We find no error in the decision of the trial justice overruling defendant's demurrer to the indictment, and his exception thereto is overruled.

It is also argued that the trial justice committed reversible error in denying defendant's motion for a directed verdict. He admits that if he had been charged with possession for the purpose of sale, the evidence would have been sufficient to support a conviction, but he contends that there was no such evidence on the charge of possession for purposes of exhibition.

On defendant's motion for a directed verdict, the trial justice is obliged to view the evidence in the light most favorable to the state. *State* v. *Wright,* 70 R. I. 39. Considering the admission of defendant that he had been knowingly and willfully engaged in the purchase and sale of such "Erotica" for several years, the extent of his investment therein, the fact that revolting and obscene matter of the type presented through state's exhibit 1 is sold to a selected group of customers to whom such material has a special appeal, and that from its nature it would usually be purchased only after inspection by, or exhibition to, pro-

spective purchasers, we are of the opinion that there was ample evidence to submit to the jury the question of defendant's knowledge and intention in possessing such material for the purpose of exhibition within the contemplation of the statute. This exception is overruled.

The defendant also excepts to the court's ruling denying his motion to strike out a certain question and answer. Assuming without deciding that such question and answer were irrelevant, we see no prejudicial error in this ruling. The defendant freely admitted that he had been engaged in the purchase and sale of the obscene and impure matter presented in evidence. Through this question and answer he tried to exculpate himself to some extent by his answer to the effect that he had sold only to adults and not to school children. In any event the charge clearly instructed the jury that they were to determine only the question of whether defendant possessed these papers, pamphlets and pictures *for the purpose of exhibition*. In these circumstances we see no prejudicial error in the ruling complained of. The exception is overruled.

We have carefully considered defendant's exception to a portion of the charge relating to the question of *intent to exhibit* the objectionable matter referred to in the indictment and we find it to be without merit. If the defendant intended to exhibit such matter, whether for the purpose of sale, loan, circulation or any other reason whatsoever, he would be guilty of the offense as charged in the indictment. This exception is overruled.

The defendant's final exception is to the ruling of the trial justice denying his motion for a new trial. Under our well-settled rule the decision of a trial justice on a motion for a new trial is not disturbed unless we find that such decision is clearly wrong or that he has misconceived or overlooked material evidence. *State v. Blood*, 70 R. I. 85; *State v. Butler*, 76 R. I. 362. In the case at bar defendant did not take the stand and he presented no testimony in his

own behalf. We have carefully considered all the evidence in this case and the decision of the trial justice, and we are of the opinion that in reaching his decision he did not misconceive or overlook any material evidence. In our opinion he was fully justified in denying defendant's motion for a new trial and the exception thereto is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*William E. Powers,* Atty. Gen., *Francis J. Fazzano,* Assistant Atty. Gen., for State.

*Charles A. Curran,* for defendant.