STATE *vs.* MARGARET JORJORIAN.

AUGUST 13, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This indictment charges the defendant with committing the crime of larceny by obtaining money by false pretenses in violation of the statute in such case made and provided. General laws 1938, chapter 608, §15. After a hearing in the superior court on the defendant's amended demurrer and before decision thereon, three questions of law of doubt and importance and another concerning the constitutionality of a certain statute were certified to this court for our determination in accordance with G. L. 1938, chap. 545, §6, as amended by public laws 1940, chap. 941, sec. 2.

The indictment in question was duly returned by the grand jury on March 5, 1951 and charged that the defendant Margaret Jorjorian, alias Marquis Jorjorian, "on divers dates between, to wit, the first day of February, in the year of our Lord one thousand nine hundred and fifty, and to wit, the fifteenth day of September, in the year of our Lord one thousand nine hundred and fifty, with force and arms, at Providence, in the aforesaid County of Providence, did,

by means of certain false pretenses with intent to cheat and defraud, then and there unlawfully, knowingly and designedly obtain and steal from one Veronica Hagopian seventeen thousand six hundred and four dollars in lawful money of the United States, and of the value of seventeen thousand six hundred and four dollars, whereby and by force of the statute in such case made and provided the said Margaret Jorjorian, alias Marquis Jorjorian, alias Jane Doe, is deemed guilty of larceny. Against the form of the statute in such case made and provided, and against the peace and dignity of the state."

The first three questions as certified relate substantially to an alleged insufficiency of the indictment and the fourth concerns the constitutionality of a clause in G. L. 1938, chap. 625, the short form of indictment statute. These questions may be stated as follows:

1. Is the indictment containing the above-quoted allegations valid where it does not specify what the said certain false pretenses are or of what they consist?

2. Does said indictment, without specifying the alleged certain false pretenses, sufficiently inform the defendant of the nature and cause of the accusation against her within the meaning of sec. 10 of article I of the constitution of Rhode Island?

3. Does G. L. 1938, chap. 625, §3, clause 4 (a) authorize an indictment for obtaining money under false pretenses in the above-quoted form where the indictment does not specify said alleged certain false pretenses or of what they consist?

4. Is G. L. 1938, chap. 625, §3, clause 4 (a) invalid on the ground that it is repugnant to the provision of sec. 10 of article I of the constitution of Rhode Island?

While four questions were certified, the parties have argued them under two points, and in our judgment the answer to the second question will govern in principle the answers to all. In other words, if the indictment conforms

to the requirement of article I, sec. 10, of the constitution, the first three questions should be answered in the affirmative and the fourth in the negative.

The defendant contends in substance and effect that it is not sufficient to charge in the indictment the commission of the specified crime in the language of the statute, G. L. 1938, chap. 608, §15; that it is necessary to set forth in accordance with "the general common law principles of criminal pleading" all material facts constituting the offense, including the particular means by which the false pretenses were perpetrated; and that the instant indictment fails to notify the defendant of "the nature and cause of the accusation" as required by the provision of article I, sec. 10, of the constitution. She claims that such allegations are necessary in the indictment so that (1) she may be certain with what crime she is charged; (2) be able to prepare her defense and plead an acquittal or conviction in bar of any other prosecution for the same offense; and (3) to enable the court to decide whether the alleged facts would sustain a conviction and prevent the defendant from being indicted by the grand jury for one offense and tried before a petit jury on another.

In support of these general principles defendant cites and quotes from certain cases and texts, including *United States* v. *Cruikshank*, 92 U. S. 542; *Hinshaw* v. *State of Indiana*, 188 Ind. 147; *People* v. *McKenna*, 81 Cal. 158; *United States* v. *Hess*, 124 U. S. 483. Joyce on Indictments (2d ed.), §281; 35 C.J.S., False Pretenses, §42, p. 686; 11 R.C.L., False Pretenses, §39, p. 857; 1 Wharton's Criminal Procedure (10th ed.), §§634, 635.

We do not agree with the first contention that the state may not charge a crime in the language of the statute. Ordinarily it is permissible to plead in accordance with the terms of a statute, at least where the language is not so general as to embrace within its terms possible offenses obviously not intended to come within its meaning. *State*

v. *McMahon,* 14 R. I. 285. Such conclusion follows naturally from the principle that, subject to constitutional limitations, the legislature alone has the power to declare what acts constitute a crime, to prescribe punishment therefor, and to set forth the form of the indictment or complaint by which an accused may be brought to trial. In the exercise of such power the general assembly has expressly declared that an indictment in this jurisdiction is valid and sufficient if it charges the offense "By using the name given to the offense by the common law or by a statute." G. L. 1938, chap. 625, §3, clause 4 (a).

The substantial limitations on such power, however, are: (1) that the legislature may not put a defendant to trial without an indictment or complaint, because such right is guaranteed to an accused in a criminal case under article I, sec. 7, of the constitution of this state; and (2) that the indictment or complaint must contain sufficient allegations to reasonably notify an accused of "the nature and cause of the accusation" as required by the provisions of article I, sec. 10, of said constitution. If these requirements are satisfied the legislative power is validly exercised.

Nor do we agree with the second contention that in order to be sufficient under the constitution a pleading in an indictment must conform to the "general common law principles of criminal pleading." Even before the passage of G. L. 1938, chap. 625, the short form of indictment statute, it was not only permissible to plead substantially in the language of a statute but it also was held by this court: "Our constitution requires no greater certainty in criminal pleading than the common law, and perhaps less." *State* v. *Davis,* 39 R. I. 276, 281. Further in *State* v. *Murphy,* 15 R. I. 543, 546, in passing on the constitutional sufficiency and certainty of an indictment which was alleged substantially in the terms of a statute the court held: "The technical precision of the common law rule is not exacted." See also *State* v. *Smith,* 56 R. I. 168, where a short form of

indictment was before this court and these principles were cited with approval.

Indeed the purpose and effect of the short form of indictment statute was to permit the state to omit much of the technical and extensive requirements of criminal pleading in accordance with principles of the common law. It is a general rule that courts now require only a statement of the essential elements of the offense charged. 27 Am. Jur., Indictments and Informations, §§51-53, and cases cited. In the present practice in this state an indictment is sufficient, whether under common-law pleading or under the statute, if it conforms to the pertinent provisions of article I, sec. 10, of our constitution, which reads: "In all criminal prosecutions, the accused shall enjoy the right * * * to be informed of the nature and cause of the accusation * * *." The controlling question therefore is whether the instant indictment, considered in the light of existing statutes and criminal practice thereunder, meets the requirements of the above-mentioned section of the constitution.

It should be noted that the allegations of this indictment are not as meager as the short forms of indictment which the statute permits and which in other cases have been approved. *State* v. *Smith, supra,* (conspiracy to steal); *State* v. *Domanski,* 57 R. I. 500 (robbery); *State* v. *Cairo,* 74 R. I. 377 (breaking and entering); and *State* v. *Ephraim,* 80 R. I. 321, 96 A.2d 641 (possession of obscene literature). In other words, the indictment here does not charge merely that defendant stole money from Veronica Hagopian or committed larceny of the latter's money or property. If that had been the case defendant's argument would have some force, because there are now several statutory types or species of larceny and she would not know therefrom which type had been charged by the grand jury.

But apparently heeding the caution stated in *State* v. *Smith* and *State* v. *Domanski, supra,* the state has followed substantially the express language by which the present

crime is described and made punishable by the legislature, thereby including all the essential elements as therein set forth. Therefore it was not necessary to allege all the means or evidentiary facts by which the false pretenses were accomplished. A particular statement thereof, if found necessary to aid defendant in preparation of her defense, can be obtained by a bill of particulars. G. L. 1938, chap. 625, §3, clause 7. Such pleading in indictments comes within the statement of this court in *State* v. *Smith*, 29 R. I. 513, 526: "Statutory words essential in the description of the offence can not be omitted. * * * The general rule is that the charge must be so laid in the indictment as to bring the case *precisely within the description of the offence as given in the statute*, alleging distinctly all the essential requisites that constitute it. * * * The offence must not be mis-described or anything essential to its description omitted." (italics supplied) See also *State* v. *Davis, supra*, at page 281.

The statute here alleged to be violated is G. L. 1938, chap. 608, §15. The essential part thereof reads as follows: "Every person who shall obtain from another designedly, by any false pretense or pretenses, any money * * * with intent to cheat or defraud * * * shall be deemed guilty of larceny." In our judgment the instant indictment by substantially following such language alleges the essential elements of the offense as described in the statute and leaves the defendant in no doubt whatever concerning the crime with which she is charged. It necessarily excludes all possibility of being confused with common-law larceny, or statutory larceny by embezzlement in any form, or any type of statutory larceny by false pretenses other than that of obtaining *money* from a designated person by any false pretense at a certain time and place with the intent of stealing it. The defendant, who is charged, the designated person from whom the money was obtained by false pretenses, the design and criminal intent to cheat and defraud,

the amount of money and its value, and the time and place where the theft was perpetrated, are all specified. Under this indictment no prosecution other than the one thus found by the grand jury could possibly be open to the state at the trial and a conviction or acquittal thereon could be pleaded in bar of any other indictment for the same offense.

Two further considerations are helpful in considering the sufficiency of the instant indictment. Prior to the adoption of the statute which is alleged to have been violated, the pertinent part read (G. L. 1896, chap. 279, sec. 15): "Every person who shall obtain from another designedly, by any false pretence in writing or by any privy or false token and with intent to defraud, any money or other article, or obtain with such intent the signature of any person to any written instrument, the false making whereof would be punishable as forgery, shall be deemed guilty of larceny and shall be imprisoned not exceeding five years or be fined not exceeding one thousand dollars." Under that form of statute a false pretense in writing or by some privy or false token was an essential element of the crime. See *State* v. *Bacon,* 27 R. I. 252. Moreover several different types of larceny were described in one section. On that account it was necessary under the former practice to specify the particular means by which the larceny was committed in order to reasonably inform a defendant of the nature of the offense with which he was charged.

However, a comparison of that language with the existing statute, G. L. 1938, chap. 608, §15, which is here alleged to have been violated, will show that a substantial change has been made by dropping out the words "in writing or by any privy or false token," and by further eliminating from that section the provisions concerning forgery, thus leaving the provisions as to obtaining money or property by any false pretense or pretenses as a separate species of statutory larceny and the sole offense under that section of the statute. Other sections, §§16 and 17, deal with larceny by embezzle-

ment and obtaining a signature falsely. Moreover, a provision of G. L. 1896, chap. 279, sec. 18, concerning the sufficiency of allegations under an indictment for larceny by embezzlement, provided: "In prosecutions under the preceding two sections [both dealing with embezzlement] it shall be sufficient to allege *generally* in the indictment or complaint * * * an embezzlement or appropriation with intent to cheat or defraud, as the case may be, of money to a certain amount, or property of a certain value, *without specifying any particulars of such embezzlement * * *.*" (italics ours)

That section became G. L. 1909, chap. 345, sec. 18, and was later amended by P. L. 1915, chap. 1261, sec. 8, by making the above-quoted provisions applicable not only to §§16 and 17 of said chapter concerning embezzlement but also to §15 thereof concerning larceny by obtaining money or property by any false pretense or pretenses. The statute as thus amended is now in force and appears as G. L. 1938, chap. 625, §8, and by its terms is made applicable expressly to §§15, 16 and 17 of chap. 608.

In applying the statute in *State* v. *Davis, supra,* this court held that by virtue of such section it was not necessary to allege the particulars of the amounts of the embezzlements; and that an indictment alleging *generally* an embezzlement of a certain amount of money *without specifying any particulars* was sufficient under article I, sec. 10, of the constitution. If such a conclusion was proper under the above-quoted statute as to §§16 and 17 relating to embezzlement, we see no reason why the same result should not be reached as to §15 relating to obtaining money by false pretenses, since each section now provides for a separate type of statutory larceny and since chap. 625, §8, is expressly made applicable to each of these sections.

It seems to us that the specific means by which the false pretenses were perpetrated are evidentiary facts or particulars which might assist the defendant in preparing her

defense, but in view of the amended statute they are not an essential element of the crime as it is described in G. L. 1938, chap. 608, §15. This is especially true since chap. 625, §8, the short form of indictment statute, expressly relieves the state of the duty of alleging such particulars in an indictment which follows the statute and since §3, clause 7, of that statute also enables the defendant in stated circumstances to have a bill of particulars if necessary to further assist her in preparing her defense. However, a bill of particulars may not supply a defect in the indictment. *State* v. *Domanski, supra,* at page 505. But the need for such a bill of particulars to prepare a defense does not necessarily invalidate the indictment on constitutional grounds. *State* v. *Ephraim, supra.* Nor is it the law that the indictment must be so distinct and minute in its allegations that it will constitute, *without oral proof,* a bar to another indictment. *State* v. *Davis, supra,* at page 290. Consequently we are of the opinion that on principle and authority the instant indictment does notify the defendant sufficiently of the nature and cause of the accusation to comply with article I, sec. 10, of the constitution.

In view of the above-mentioned factors, nothing in the authorities cited by the defendant requires a contrary conclusion. The cited texts and pertinent cases generally relate to a time when there was not such an extensive approval, as now, of the short form of indictment statutes by practically all jurisdictions in this country, and when it was necessary in accordance with principles of common-law criminal pleading to allege the means or other facts with great particularity and technicality. Moreover, apparently the statutes under consideration in some of those cases made the means by which the false pretenses were effectuated, whether by privy or false token, an essential part of the described offense, much as our former statute did.

Further, we can agree fully with the constitutional principles set forth in *United States* v. *Cruikshank* and *United*

*States* v. *Hess, supra,* and the numerous texts cited by defendant, because tested by the provisions of our constitution and the statutes which have been held to be constitutional thereunder the instant indictment meets the principles of law therein set forth. In other words, we are of the opinion that the indictment here does notify the defendant of the nature and cause of the accusation in accordance with the provisions of article I, sec. 10, of the constitution; that the allegations of the indictment, following the express terms of G. L. 1938, chap. 608, §15, are stated with sufficient particularity to inform her of all the essential elements of the crime as described therein; that the crime thus alleged by the grand jury cannot be confused with any other type of larceny, statutory or otherwise; that such crime is the only one which can be tried by the state; and that in relying on this form of indictment the state may not again prosecute the defendant in the future for the crime of larceny by obtaining *money* by any false pretense or pretenses from the person designated during the dates set forth and at the place described.

For such reasons our answer to each of the first three questions as certified is in the affirmative, to the fourth question our answer is in the negative, and the papers in the case are ordered sent back to the superior court for further proceedings.

*William E. Powers,* Atty. Gen., *Alfred E. Motta,* Special Counsel, for State.

*Walter V. Moriarty, Sarkis K. Boyajian,* for defendant.