[Crim. No. 4308.   First Dist., Div. Three.   Nov. 26, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. HORACE LEE WILSON, Defendant and Appellant.

Horace Lee Wilson, in pro. per., and Sherwood M. Sullivan, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Michael R. Marron, Deputy Attorneys General, for Plaintiff and Respondent.

DEVINE, J.—Appellant was convicted of burglary. The owner of the things alleged to have been taken in the course of the burglary testified that the doors of his home were

locked when he left in the morning, and that when he returned in the evening an electric iron, a hatchet and several hand tools were missing. One of the neighbors testified that she saw defendant leaving the front door of the burglarized home, and later saw him come out of the back door carrying an iron and a hatchet. Another neighbor saw him leave the house with a ''bundle'' in his hand, but she could not say what it was. Later, defendant returned, approached the two neighbors, asked one of them whether she knew him and where she had seen him, and threatened one of them. Defendant did not testify at the trial, but presented alibi witnesses who testified that they had been with him at the time of the burglary.

The only point made on appeal is that defendant's counsel at the trial was denied the right to see a certain police report. Counsel was shown a report at one time early in the trial, but it was taken back by the district attorney and the court refused to require the police to produce it at certain points during the trial. Near the end of the trial, however, the court caused it to be delivered to defendant's counsel. The reason for the court's ruling was that demand should have been made earlier than at trial. Appellant's counsel before us, who was not trial counsel, argued that he could not point specifically to prejudice because he did not know what was in the statement which was not introduced in evidence nor marked for identification. We were concerned that the contents of the statement might have been helpful to appellant at trial, and we caused the record on appeal to be augmented to include a copy of the report and invited counsel for appellant to point out anything which might have been useful to appellant. It has been impossible for counsel to point to any particular point in the report which might have been helpful in cross-examination, or impeachment of witnesses, or in any other part of the defense, and counsel has been compelled to reassert that the trial might have been conducted otherwise had defense attorney had the report. We have made our own examination of the report and we are unable to find a single thing in it which would have helped appellant.

Although defendant in a criminal case is entitled to disclosure by the prosecution of matters which are discoverable under the law, even though he makes his demand for the first time at trial, at least where the demanded material is readily available (*People* v. *Renchie*, 201 Cal.App.2d 1 [19 Cal.Rptr. 734]), he must, in order to prevail on appeal, show

that any error in this respect was prejudicial to him and caused a miscarriage of justice.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.

A petition for a rehearing was denied December 24, 1963.