[Civ. No. 29558.   Second Dist., Div. Four.   May 10, 1967.]

SOLIE COHEN, Plaintiff and Appellant, v. THE MUNIC-IPAL COURT FOR THE LOS ANGELES JUDICIAL DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent.

Stanley Fleishman and Martha Goldin for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, Philip E. Grey, Assistant City Attorney, and Richard Kolostian, Deputy City Attorney, for Defendant and Respondent.

FOX, J.*—This is an appeal from an order denying an alternative writ of prohibition.

Petitioner was charged with violating section 311.2 of the Penal Code.[1] The complaint charged, in pertinent part, that defendant ''did wilfully, unlawfully and knowingly in this state prepare and exhibit and offer to exhibit obscene matter.'' The offense was charged in the language of the statute. The obscene matter was not identified in the complaint. Defendant filed a demurrer to the complaint. It was overruled. Defendant then petitioned for an alternative writ of prohibition. His petition was denied. Hence this appeal.

In seeking a reversal, petitioner, basically, makes three arguments: (1) That due process requires that the specific matter alleged to be obscene must be pleaded, (2) that Penal Code section 311.2 on its face and as applied in the complaint at bench is void because it is too vague, ambiguous and uncertain to form the basis of a valid criminal charge and (3) that he will be unable to establish former jeopardy in the event of his later prosecution for the same offense.

It will be helpful to review, at the outset, the legislative enactments dealing with pleading in criminal cases. *People* v. *Pierce,* 14 Cal.2d 639, 645-646 [96 P.2d 784], serves that purpose admirably:

''There can be no doubt that the rules of pleading with reference to criminal charges have been liberalized by the amendments of 1927 and 1929 relating to pleading in criminal cases.[2] In *People* v. *Beesly,* 119 Cal.App. 82 [6 P.2d 114, 970], [*sic*] the court said: 'The sufficiency of an indictment or information is not to be tested by the rules of the common law nor by the rules which existed prior to the amendments of 1927 and 1929 of our statutes relating to pleading in criminal cases. The true rule can be determined only by a consideration

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]Section 311.2, Penal Code reads: ''Every person who knowingly: sends or causes to be sent, or brings or causes to be brought, into this State for sale or distribution, or in this State prepares, publishes, prints, exhibits, distributes, or offers to distribute, or has in his possession with intent to distribute or to exhibit or offer to distribute, any obscene matter is guilty of a misdemeanor.''

[2]Decisions prior to the statutory amendments in the area here under consideration would, of course, not be relevant.

of all of the statutes affecting the subject as they exist since those amendments. The purpose of an indictment or information is to inform the accused of the charge which he must meet at the trial. At common law, where this information came solely from the indictment, much particularity was required. . . . As a part of the accusatory procedure the law now provides that in every case the accused is entitled to a copy of the testimony given before the grand jury or the committing magistrate as the case may be (Pen. Code, §§ 870, 925) and he is to-day better informed as to the case he must meet than was an accused under the detailed form of pleading required at common law. By section 959 of the Penal Code as amended in 1927 (Stats. 1927, p. 1041) we have the statutory provision that an information is sufficient if it can be understood therefrom that it is entitled in a court having authority to receive it, that the defendant is named, or, if his name is not known and that fact is pleaded, he may be charged by a fictitious name, that the offense is one of which the court has jurisdiction and that the offense was committed prior to the filing of the information. The former requirements of subdivisions 6 and 7 of section 959 that the act or omission charged must be clearly and distinctly set forth in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended and to enable the court to pronounce judgment upon conviction, were repealed by the 1927 amendment and are no longer a part of that section. . . . Section 952,[3] which formerly required the pleading to set forth the particular circumstances of the offense charged, as amended, declares that it shall be sufficient if it be "in any words sufficient to give the accused notice of the offense of which he is accused." There, in a nutshell, is stated the principle of our present simplified form of pleading of a criminal offense—the accused is entitled to notice of the offense of which he is charged but not to the particular circumstances thereof, such details being

[3]Pen. Code, § 952 reads: "In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations of matter not essential to be proved. It may be in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused. In charging theft it shall be sufficient to allege that the defendant unlawfully took the labor or property of another."

furnished him by the transcript of the testimony upon which the indictment or information is founded.' "

Since this criminal proceeding is in the municipal court it is important to see what effect the liberalizing amendments of 1927 and 1929 had upon the statutes that specifically deal with pleadings in criminal cases in that court. *People* v. *Saffell,* 74 Cal.App.2d Supp. 967 [168 P.2d 497], provides the answer. At pages 972 to 974 it stated:

"Section 1426 reads as follows: 'All proceedings and actions before a justice's or police court, or a municipal court, for a public offense of which such courts have jurisdiction, must be commenced by complaint under oath, setting forth the offense charged, with such particulars of time, place, person, and property as to enable the defendant to understand distinctly the character of the offense complained of, and to answer the complaint. In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations of matter not essential to be proved. It may be in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused. In charging theft, it shall be sufficient to allege that the defendant unlawfully took the labor or property of another.' In construing this section it is to be noted that prior to 1931 it contained only the present first sentence (except the words 'or a municipal court'), and that everything else now appearing in it was added by the amendment of 1931. The matter so added, except for the reference to a municipal court, was simply a copy of section 952, applicable in the superior courts, as that section had been amended in 1929, which amendment, following that of 1927, omitted the requirement that a pleading be direct and certain. These amendments of section 952 were made as part of a program for simplification and liberalization of the rules of pleading in criminal cases. [Citations.] No doubt the addition of the words of section 952 in its amended form to section 1426 was made for the same purpose, and it should be construed according to the fair import of its terms, to effectuate that purpose. (Pen. Code, § 4.)[4] . . .

---

[4]Pen. Code, § 4 states: "The rule of the common law, that penal statutes are to be strictly construed, has no application to this Code. All its provisions are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice."

"Looking now at the new part of the section, we note the provision that the statement that the accused has committed a public offense 'may be in the words of the enactment describing the offense or declaring the matter to be a public offense' etc. When this same provision was put in section 952 it was undoubtedly intended to reverse a rule previously declared by the courts on this point. While recognizing the rule that in general it is sufficient to charge an offense in the language of the statute defining it (14 Cal.Jur. 49-50), the courts had also held that where the words used in the statute have no technical meaning, or where the particular facts or acts which constitute the offense are not specified, it is necessary to set forth the acts constituting the offense. [Citations.] Since the general rule of following the statutory definition was thus recognized except in the one class of cases, without any statutory provision to that effect, the purpose of enacting the rule into statute *without any exception* [emphasis added by the court] must have been able to abolish the exception and let the rule stand in complete generality, and section 952 is so construed. [Citations.] In *People* v. *Steel* (1939) 35 Cal.App. 2d Supp. 748, 751 [92 P.2d 815], and *People* v. *Smith* (1939) 36 Cal.App.2d Supp. 748, 753 [92 P.2d 1039], it is held that under the provisions of section 1426 as they now stand a complaint in the words of the statute is sufficient, and in the *Smith* case it is further held that the provisions of section 1426 to that effect are valid. . . ."

Furthermore, section 968,[5] Penal Code, provides that in obscenity cases an accusatory pleading is sufficient when the fact of lewdness or obscenity is stated generally.

Petitioner argues that he must know the particular matter that is alleged to be obscene in order to enable him to prepare his defense. There is, of course, merit in this argument. But the machinery is at hand which will enable him to get the desired material, viz., pretrial discovery. (*Powell* v. *Superior Court,* 48 Cal.2d 704, 707-708 [312 P.2d 698]; *Vance* v. *Superior Court,* 51 Cal.2d 92, 93 [330 P.2d 773]; *Tupper* v. *Superior Court,* 51 Cal.2d 263, 265 [331 P.2d 977]; *Funk* v.

---

[5]Pen. Code, § 968 provides: "An accusatory pleading charging exhibiting, publishing, passing, selling, or offering to sell, or having in possession, with such intent, any lewd or obscene book, pamphlet, picture, print, card, paper, or writing, need not set forth any portion of the language used or figures shown upon such book, pamphlet, picture, print, card, paper, or writing; but it is sufficient to state generally the fact of the lewdness or obscenity thereof."

*Superior Court,* 52 Cal.2d 423, 424 [340 P.2d 593]; *People* v. *Renchie,* 201 Cal.App.2d 1, 2 [19 Cal.Rptr. 734]; *People* v. *Wilson,* 222 Cal.App.2d 616, 617 [35 Cal.Rptr. 280].) The purpose of permitting pretrial discovery is "to promote the orderly ascertainment of the truth" (*Jones* v. *Superior Court,* 58 Cal.2d 56, 60 [22 Cal.Rptr. 879, 372 P.2d 919, 96 A.L.R.2d 1213]) and in pursuance of "the fundamental principle that an accused is entitled to a fair trial." (*Cash* v. *Superior Court,* 53 Cal.2d 72, 75 [346 P.2d 407].) The rules of discovery in criminal cases in this state provide a defendant with full opportunity for due process. (See cases cited in *Jones* v. *Superior Court, supra,* pp. 58-60; see also *Canon* v. *Justice Court,* 61 Cal.2d 446, 450-451 [39 Cal.Rptr. 228, 393 P.2d 428].)

The Supreme Court of Rhode Island had the same questions, with which we are here confronted, before it in *State* v. *Ephraim,* 80 R.I. 321 [96 A.2d 641]. Defendant was indicted for unlawful possession of obscene literature for purpose of exhibition. He demurred to the indictment contending in support of his demurrer "that by reason of the failure of the grand jury to set out the character of the allegedly obscene material, or excusing its failure to do so by setting forth in the indictment that the material was so obscene it would be offensive to the court to place it upon the record, the defendant was deprived of his constitutional right to know the cause of the accusation. He further contends that the indictment failed to notify him of the cause for which he was indicted." In response the court stated (pp. 642-643) : "We cannot agree with these contentions. *The charge against defendant is set forth in the language of the statute* applicable to the offense laid in the indictment. [Emphasis added.] [Citation.] We are of the opinion that the charge as specified therein satisfies the constitutional requirements of article I, section 10, of the Constitution of Rhode Island and the provisions of G.L. 1938, chap. 625, § 3. All the essential elements of the offense charged appear in the indictment and the venue was properly laid. The fact that the defendant may require further particulars in order to properly prepare a defense does not of itself constitute an insufficiency in the indictment as a matter of law. Such information is available under G.L. 1938, chap. 625, § 3, clause 7, by way of a bill of particulars. [Citations.]"

In *United States* v. *Luros,* 243 F.Supp. 160, the defendant was indicted for distributing obscene materials through the mails. The defendant challenged the sufficiency of the indict-

ment on the ground that it does not contain all the essential ingredients of an obscenity indictment. In response the court pointed out (p. 166) that "The indictment charges, *in the statutory language* [emphasis added], that the books and magazines are 'obscene, lewd, lascivious, indecent, and filthy.' " The court noted that "[A] charge that books and magazines are obscene necessarily refers to and incorporates the legal definition of obscenity." The court then held (p. 167) : "The allegation of obscenity in the words of the statute is sufficient."

In *Kirby* v. *Municipal Court,* 237 Cal.App.2d 335 [46 Cal.Rptr. 844], we have a case that is closely akin to the problem at bench. In that case Kirby was charged in a criminal complaint in the municipal court with violation of section 311.5, Penal Code.[6] The accusatory pleading alleged that "a misdemeanor was committed on June 3, 1964, by Kirby, 'who did willfully and unlawfully write and create advertising and promote the sale and distribution of matter represented and held out by said person to be obscene.' " (P. 337.) Defendant filed a demurrer which was overruled, and entered a plea of not guilty. Thereupon, as in the instant case, Kirby filed a petition for writ of prohibition against further proceedings. An alternative writ was denied. He appealed. The judgment was affirmed.

It will be observed that the accusatory pleading in *Kirby* was in the language of the statute. In holding the pleading good the court relied on section 952, Penal Code, quoting with emphasis this portion : "*It* [the accusatory pleading] *may be in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused. . . .* ' " The court then held (p. 337) : "This statute does not offend the Constitution of the United States or that of California. [Citations.] "

Under both statutory and case law it was sufficient to charge the offense in the language of the statute. It was therefore not necessary to plead the specific material alleged to be obscene.

To adopt the procedure for which petitioner contends would result in trying criminal cases in obscenity matters on

[6]Pen. Code, § 311.5 reads: "Every person who writes or creates advertising or solicits anyone to publish such advertising or otherwise promote the sale or distribution of matter represented or held out by him to be obscene, is guilty of a misdemeanor."

a piecemeal basis in some, and perhaps in many, situations. For example, if it were determined by our highest court that a particular piece of asserted obscene material was hard core pornography and therefore ''not within the area of constitutionally protected speech or press'' (*Roth* v. *United States* and *Alberts* v. *California*, 354 U.S. 476, 486 [1 L.Ed.2d 1498, 1507, 77 S.Ct. 1304]) that would not determine the defendant's guilt for it would be necessary for the People also to establish that the ''defendant knew the contents'' of the material. (*People* v. *Williamson*, 207 Cal.App.2d 839, 846 [24 Cal. Rptr. 734], hear. den.; cert. den. 377 U.S. 994 [12 L.Ed.2d 1047, 84 S.Ct. 1902]; rehear. den. 379 U.S. 871 [13 L.Ed.2d 77, 85 S.Ct. 13].) This would mean starting again in the trial court, perhaps with a jury, to determine the factual issue of defendant's knowledge of the contents of the obscene matter. This is not in harmony with the orderly administration of criminal justice. The trial judge properly could have taken this into account in deciding to exercise his discretion not to grant the alternative writ.

Petitioner vainly argues that Penal Code section 311.2 on its face and as applied in the complaint is void on the theory that it is too vague, ambiguous, and uncertain to form the basis of a valid criminal charge since the word ''obscene'' used therein is not defined. The word ''obscene'' is defined in section 311 subdivision (a), Penal Code. The charge in the complaint that the material is ''obscene'' incorporates the legal definition of that word as defined in section 311 subdivision (a); and that definition is legally adequate. (*Alberts* v. *California, supra,* 354 U.S. 476 [1 L.Ed.2d 1498, 77 S.Ct. 1304].)

In *Alberts,* the court had occasion to consider whether particular language used in a statute dealing with obscene material was too ambiguous to define a criminal offense. In that case the California statute made it a misdemeanor to keep for sale or advertise material that is ''obscene or indecent.'' In reaching its conclusion the court stated (pp. 491-492) : ''Many decisions have recognized that these terms of obscenity statutes are not precise. This Court, however, has consistently held that lack of precision is not itself offensive to the requirements of due process. '. . . [T]he Constitution does not require impossible standards'; all that is required is that the language 'conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. . . .' [Citation.] These words, applied accord-

ing to the proper standard for judging obscenity, already discussed, give adequate warning of the conduct proscribed and mark '. . . boundaries sufficiently distinct for judges and juries fairly to administer the law. . . . That there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is no sufficient reason to hold the language too ambiguous to define a criminal offense. . . .' [Citation.]''

Petitioner also argues that the charge is unconstitutionally vague and uncertain because of the breadth of the definition of the word ''matter'' contained in section 311 subdivision (b), Penal Code and its use in the complaint instead of specifying the particular category or medium enumerated in section 311 subdivision (b) that was used to disseminate the alleged obscene material.[7]

Section 311 subdivision (b) essentially enumerates the method, medium or vehicle by which obscene material must be disseminated in order to violate section 311.2, Penal Code. In this connection it is important to bear in mind that it is the dissemination of obscene material (within the legal definition of obscenity) that is made a public offense. Thus, the gravamen of the offense is the *character of the material* measured by that definition; not the medium by which it is disseminated. It is therefore unimportant whether the alleged obscene material is distributed by book, magazine or any of the other methods enumerated in section 311 subdivision (b). A defendant suffers no legal disadvantage by a failure to allege the specific medium or vehicle by which he disseminated the ''obscene matter.''

Earlier in this opinion we pointed out that the established rules of discovery in criminal cases enabled a defendant to ascertain readily the precise alleged obscene material with which he assertedly had been identified, and that these rules satisfied the requirement of due process. In thus ascertaining (if he did not already know) the material in question the defendant will naturally learn the medium by which it was disseminated. If perchance the medium of dissemination becomes an issue in a particular case, the defendant has im-

---

[7]Pen. Code, § 311, subd. (b) reads: ''As used in this chapter:

''. . . . . . . . . . . . . .

''(b) 'Matter' means any book, magazine, newspaper, or other printed or written material or any picture, drawing, photograph, motion picture, or other pictorial representation or any statue or other figure, or any recording, transcription or mechanical, chemical or electrical reproduction or any other articles, equipment, machines or materials.''

mediately at hand the means of ascertaining the desired information through the rules of discovery.

We find no merit in the suggestion that petitioner, in the event of his conviction or acquittal of this charge, would be unable to establish his former jeopardy in the event he was again prosecuted for the same offense. There might be some merit in this point were he limited to the judgment roll in making his proof of former jeopardy. But he would not be so limited. In *People* v. *Williams,* 27 Cal.2d 220 [163 P.2d 692], the court stated (p. 226) : "It is well settled that on a plea of double jeopardy, extrinsic evidence is admissible on the trial to identify the crime of which a defendant has been convicted. [Citations.] " In *People* v. *Braddock,* 41 Cal.2d 794 [264 P.2d 521], the court pointed out (p. 800) : "If Braddock should be tried again on a charge of violating section 11163 [Health and Safety Code] for any of the acts which form the bases [*sic*] for the present prosecution, he may show former jeopardy by evidence produced in that proceeding." To the same effect is *People* v. *Coe,* 171 Cal.App.2d 786, 794 [342 P.2d 43]. In *Heaton* v. *United States,* 353 F.2d 288, 292, appellant contended that the indictment did not sufficiently describe the property unlawfully imported. In answering this point the court commented "it is appellant's argument that he is not adequately protected against another trial for the same offense." The court then held : "This contention is to be tested by an examination of the whole record and not the indictment alone." The same point was raised in *Tubbs* v. *United States,* 105 F. 59 [44 C.C.A. 357]. The court (p. 61) there noted "that parol evidence is always admissible, and sometimes necessary, to establish the defense of prior conviction or acquittal."

Taking into account the principles stated in the cited authorities, the fact that the Legislature has declared that a complaint in a criminal case "may be in the words of the enactment describing the offense or declaring the matter to be a public offense," and the further fact that our courts have developed discovery procedures in criminal cases which enable a defendant to discover the details of the charge against him, it does not appear that either the statute here in question or the pleading in the municipal court in this matter are vulnerable to the attack made upon them.

The order denying the issuance of an alternative writ of prohibition is affirmed.

Jefferson, Acting P. J., concurred.

KINGSLEY, J.—I dissent.

I concur wholeheartedly with everything in the majority opinion except for one matter; unfortunately that partial disagreement necessitates, in my judgment, a reversal of the action of the trial court.

My dissent is directed to the holding that the complaint need not identify even the class or kind of "material" with which defendant is alleged to have dealt. Section 311 subdivision (a) is a part of Chapter 7.5 of the Penal Code, added by Chapter 2147 of the 1961 Statutes. The first section of that chapter, section 311, provides a set of definitions of the terms used in the subsequent sections, including section 311 subdivision (a). It follows that the allegation in the complaint that defendant dealt with "material" means that he dealt with material as that word is defined in section 311, subdivision (b). But when we read that subdivision into the complaint, we find that defendant is charged with conduct with reference to an obscene book, *or* magazine, *or* newspaper, *or* other printed *or* written material, *or* a picture, *or* a drawing *or* a photograph, *or* a motion picture, etc., etc. But it is a well settled rule of criminal pleading that, although the several alternatives set out in a statute may properly be pleaded in the conjunctive, they may not (with an exception not here applicable) be pleaded in the disjunctive. (*People* v. *Tomlinson* (1868) 35 Cal. 503; *People* v. *Goodspeed* (1948) 85 Cal.App. 2d Supp. 821 [192 P.2d 130]; C.J.S., Indictments and Informations, § 101.) To this much information, defendant was entitled, even under the most liberal rules of pleading; a complaint failing in this particular should not have been allowed to stand.

A petition for a rehearing was denied June 7, 1967. Kingsley, J., was of the opinion that the petition should be granted. Appellant's petition for a hearing by the Supreme Court was denied July 5. 1967. Peters, J., Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.