**Guilford Dinsmuir SHAW, Petitioner,**

v.

**Peter PITCHESS, Sheriff of Los Angeles County, Respondent.**

**No. 69–2113.**

United States District Court,
C. D. California.

Nov. 26, 1969.

I. A. Kanarek, Van Nuys, Cal., for petitioner.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

CURTIS, District Judge.

Petitioner seeks habeas corpus relief from his 1965 state court conviction for violation of California Penal Code § 288a [oral copulation]. Upon appeal, the District Court of Appeal affirmed the conviction and a petition for rehearing was denied. Petitioner then petitioned the Supreme Court of the State of California for rehearing, which was denied. Subsequently, his appeal to the Supreme Court of the United States was dismissed and his petition for certiorari denied, 395 U.S. 211, 89 S.Ct. 1772, 23 L.Ed.2d 213.

Since the petition raises no question of fact but is based upon alleged errors occurring at the time of the trial, no evidentiary hearing is required and none has been sought.

The court has before it the entire record of the trial, including the reporter's transcript, which we have read in its entirety. We have also read the opinion of the District Court of Appeal, which we find states the facts accurately and completely.

Since all questions raised here have been considered and decided by the District Court of Appeal, and since we agree completely with that court's conclusions, we can do no better than to adopt, as our own, the District Court of Appeal's opinion in so far as it relates to the questions here raised.

That portion of the opinion thus adopted follows:

"This appeal followed a verdict finding the defendant guilty of violating section 288a of the Penal Code and imposition of sentence.[1]

"1. Defendant's motion for new trial was denied. Sentence of one year in the Los Angeles county jail was suspended, and probation granted on enumerated conditions for a period of two years.

"The facts are that one Huddleston, manager of Coffee Dan's restaurant in Santa Monica, contacted the police department of that city and complained about the use of the restaurant's restroom as a meeting place of homosexuals. At the suggestion of the police, Huddleston had the door of the men's restroom commode removed, thus leaving the stall enclosed on three sides only. A false ventilator aperture was placed in the wall of the room. This louvred opening permitted visibility into the restroom from a refrigeration room. The police were given access to this observation facility for the purpose of surveillance of persons frequenting the restroom.

"By placement of the peephole, the toilet could be viewed much as it could from other parts of the room. On March 19, 1965, in company with Officer Sullivan, Officer Sutter of the Santa Monica Police Department was on duty and present at the peephole, observing the activities within his view in the restroom. At about 11:55 p. m., Sutter saw the defendant enter the room and proceed as though to use one of the facilities. Some five minutes later, codefendant Peralta entered and addressed himself to the urinal. Peralta looked over his shoulder in the direction of defendant. Then Peralta turned to face the defendant and performed certain acts which the defendant mimicked while also making other gestures with his tongue. After an interruption and cessation of activity following entry of a third person to the room, a repeat performance occurred, culminating in Peralta's proceeding to the area of the defendant and consummating the criminal act in cooperation with the defendant. The prohibited junction between the two men was observed for some one or two seconds by Sutter before he and Sullivan left their point of vantage, proceeded to the restroom, entered, and arrested both participants.

"A statement as to constitutional rights was duly given to defendant and codefendant, and each indicated an understanding thereof.[2]

"2. The trial of this case preceded Miranda v. Arizona (June 13, 1966) 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694] and the guaranties as recited by the officers complied with the requirements of People v. Dorado, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361].

Some 15 minutes later, while at the booking area of the Santa Monica jail, defendant was asked if Peralta had solicited him in the men's room. Defendant said: 'Well, yes. Any time you go in there somebody is always showing you something.' Peralta was separately asked if defendant had solicited him. Peralta said: 'Well, yes. He was playing with hisself [sic].' These statements were admitted at trial over objection of defense counsel.

"The contentions of defendant on appeal are several. Throughout the whole of the briefs is the theme of incredibility and insufficiency of the prosecution's evidence, but defendant specifically states that he makes no contention of error based upon insufficiency of the evidence. Though we, like the Attorney General, read the arguments as conflicting with defendant's specific denial, we accept his statement.

"One contention of defendant is that the prosecution of defendant violated his right to equal protection, in that 'the law is enforced only against males engaging in oral copulation with each other.' The argument is unsupported by proof that the law is applied in a discriminatory manner. There is no evidence showing intentional or purposeful discrimination. (People v. Gray, 254 Cal.App.2d [256] [63 Cal.Rptr. 211].)

"Though the defendant makes other contentions as to the unconstitutionality of section 288a of the Penal Code, they are without merit, and a review of cases cited is not warranted. (People v. Roberts, 256 Cal.App.[2d] [488] [64 Cal. Rptr. 70].)

"It is contended that the hearsay statement of defendant Peralta was erroneously admitted. As we have recited, both the defendant and codefendant made extrajudicial statements which were admitted. At the time of admission of each statement, the trial judge instructed that the statement of each was admitted only as against the declarant. The codefendant's statement was properly objected to as one implicating the defendant. The statements of each party related to an accusation or solicitation by the other to commit the criminal act, and hence, not a true admission of the act itself. The extrajudicial statement by the codefendant, however, implicating the defendant in any way was in violation of the rule expressed in People v. Aranda, 63 Cal.2d 518, 530–531 [47 Cal.Rptr. 353, 407 P.2d 265].[3] This rule is made ap-

"3. 'When the prosecution proposes to introduce into evidence an extrajudicial statement of one defendant that implicates a codefendant, the trial court must adopt one of the following procedures: (1) It can permit a joint trial if all parts of the extrajudicial statements implicating any codefendants can be and are effectively deleted without prejudice to the declarant. * * * (2) It can grant a severance of trials if the prosecution insists that it must use the extrajudicial statements and it appears that effective deletions cannot be made. (3) If the prosecution has successfully resisted a motion for severance and thereafter offers an extrajudicial statement implicating a codefendant, the trial court must exclude it if effective deletions are not possible.'

plicable to the instant case by People v. Charles, 66 Cal.2d 330, 335 [57 Cal.Rptr. 745, 425 P.2d 545]. In People v. Powell, 67 Cal.2d 32, 57 [59 Cal.Rptr. 817, 429 P.2d 137], it is said: 'The *Aranda* rule operates, of course, even when each statement is properly admissible against the declarant.'

"Since the opinion in *Aranda,* the United States Supreme Court considered the issue and declared the error to be one of constitutional dimension. Bruton v. U. S. [391 U.S. 123, 88 S.Ct. 1620], 20 L.Ed 476 at 479 states that the admission of an extrajudicial statement by a codefendant which implicates another defendant is a denial of the right of cross-examination secured by the confrontation clause of the Sixth Amendment. Thus, since the trial of this case and since its briefing on appeal, both the Supreme Court of California and that of the United States have declared that what defendant here objects to is error. It being a 'constitutional' error, the rule of Chapman v. California, 386 U.S. 18 [87 S.Ct. 824, 17 L.Ed.2d 705] is applicable.[4] In light of defendant's

"4. '[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.' (p. 24)

admissible statement, the erroneous admission of codefendant's statement added nothing of substance.

"As a separate contention of reversible error, and as affecting the magnitude of the *Aranda* error, defendant contends that an instruction on corpus delicti necessarily was required in this case.[5]

"5. CALJIC 29c Alternate: 'The guilt of a defendant may not be established alone by any confession or admission made by him outside of this trial. Before any person may be convicted of a criminal offense, there must be proof, independent of any such statement, that the crime in question was committed, but it is not necessary that such independent proof include proof as to identity of the person by whom such offense was committed.'

The record discloses that counsel for defendant stated he would submit to the court the typed instruction which he wished given. He did not do so. Unless the court was under a duty to so instruct *sua sponte,* there was no error. As the recitation of facts relates, Officer Sutter related having perceived the defendant and codefendant do every element of the crime charged. There was no defense evidence to controvert the

facts to which Officer Sutter testified. The defendant's statement in its strongest inference was corroborative at most. The court, at defendant's request, gave the cautionary instruction: 'Evidence of the oral admission of defendants ought to be viewed with caution.' (People v. Putnam, 20 Cal.2d 885, 891 [129 P.2d 367].) Likewise, the court instructed: 'A charge such as that made against the defendants in this case is one which, generally speaking, is easily made, and once made, difficult to disprove. From the nature of a case such as this, the complaining witness and the defendants usually are the only witnesses. Therefore I charge you that the law requires that you examine the testimony of the prosecuting witness with caution.' 'The fact that the charge here made is one difficult to disprove should not deter you from rendering a verdict of guilty if you are convinced beyond a reasonable doubt that the defendant is guilty as charged.'

"The corpus delicti was directly established without the statement of defendant and without the codefendant's statement, or both statements considered together, and the cautionary instructions were given. The argument of defendant is devoted to the alleged 'weak' and 'considerable doubt upon the accuracy or even possibility' of the prosecution's evidence of corpus delicti. While we agree that the court should have given the instruction sua sponte (People v. Frey, 165 Cal. 140 [131 P. 127]), we do not agree that the proof of the corpus delicti was weak. The Attorney General argues that this case is within the type of case governed by People v. Smith, 223 Cal.App.2d 225 [35 Cal.Rptr. 719] and People v. Williams, 189 Cal.App.2d 29 [11 Cal. Rptr. 43], where it was held that it was not necessary for the court to instruct on corpus delicti, sua sponte. In neither of the relied upon cases was there an issue as to whether the offense had occurred; the sole issue was whether defendant was connected therewith, i. e., alibi. In the instant case, the offense itself is certainly an issue. We do not

find, however, that the error in the court's failing to give the corpus delicti instruction sua sponte requires reversal in the instant case. The lack of such instruction did not magnify the *Aranda* error. Every element of the offense was established by the percipient witness, and the question became one of weight and credibility. Defense counsel engaged in a thorough, lengthy cross-examination of the officer, and was unable to shake him in any material respect. The cautionary instructions were sufficient under these circumstances to diminish the error. Beyond a reasonable doubt, the *Aranda* error and failure to instruct on corpus delicti *sua sponte* were nonprejudicial and harmless.

The defendant contends that the waiver by defendant of his right to remain silent was not knowledgeably given. Our reading of the present transcript causes us to conclude that a knowledgeable waiver was adequately established to admit the statement. (People v. Furnish, 63 Cal.2d 511 [47 Cal.Rptr. 387, 407 P.2d 299]; People v. Salcido, 246 Cal.App.2d 450, 455–456 [54 Cal.Rptr. 820].)

The defendant also contends that the peephole viewing by the officer violated his right to privacy. The issue raised has been adequately answered adversely to his argument by People v. Roberts, *supra*, at page ——*: 'It has been con-

"* 543 (256 A.C.A. 537) [256 Cal.App.2d 488, 64 Cal.Rptr. 70]."

sistently held that it is proper to receive testimony of police officers as to their observation of acts of sexual perversion through hidden peepholes looking into a public men's rest room where the acts were committed in the open area of the room and would have been in plain view of anyone entering. [Citations.]' "

See also Smoyda [Smayda] v. United States, 352 F.2d 251 (9th Cir. 1965).

" *  *  * i

i. The omitted portions of the opinion deal with questions which were raised on appeal but have not been presented to this court.

"  *  *  *

"* * *

"The defendant contends that 'The complaint herein was insufficient to justify the issuance of a warrant and, since appellant objected at the earliest opportunity, there was no personal jurisdiction from the start and the defect was not cured by appellant's subsequent appearance and defense.' The 'complaint' filed in the municipal court was one sworn to solely 'upon information and belief,' without indication of the nature of such information or the reasonableness thereof.[7] It was sworn to by Offi-

"7. Penal Code section 806 :

" 'A proceeding for the examination before a magistrate of a person on a charge of an offense originally triable in a superior court must be commenced by written complaint under oath subscribed by the complainant and filed with the magistrate; provided, that when such magistrate is a judge of the justice court, the proceeding must be commenced by a written complaint under oath subscribed by the complainant, filed with the magistrate and concurred in by the district attorney of the county in which he sits or the Attorney General of the State of California. Such complaint may be verified on information and belief. When the complaint is used as a pleading to which the defendant pleads guilty under Section 859a of this code, the complaint shall contain the same allegations, including the charge of prior conviction or convictions of crime, as are required for indictments and informations and, wherever applicable, shall be construed and shall have substantially the same effect as provided in this code for indictments and informations.'

cer Sutter, the arrestng officer and direct witness to the acts constituting the crime. No warrant of arrest was issued upon the complaint.

"All of the case citations by defendant refer to the sufficiency of a complaint to justify the issuance of a warrant of arrest. The briefs filed were written prior to People v. Sesslin, 68 Cal.2d [418] [67 Cal.Rptr. 409, 439 P.2d 321] and People v. Chimel, 68 Cal.2d [436] [67 Cal.Rptr. 421, 439 P.2d 333]. These late cases settle the law as to what allegations must be contained in or support a complaint to validate the issuance

of a warrant of arrest. The defendant here was not arrested via the warrant route since the acts of the crime charged were perceived by the arresting officer. (Pen.Code §§ 836(1) and 849.) The complaint herein involved is in full compliance with Penal Code section 952.[8] It

"8. "Penal Code section 952:

'In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations of matter not essential to be proved. It may be in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused. In charging theft it shall be sufficient to allege that the defendant unlawfully took the labor or property of another.'

constitutes merely the pleading necessary to give defendant notice of the crime with which he has been charged. (Witkin, Cal.Crim.Proc., § 186)[9] A complaint

"9. See Cohen v. Municipal Court, 250 Cal. App.2d 861 [58 Cal.Rptr. 846] for an analytical review of legislative enactments dealing with pleading in criminal cases.

charging a criminal violation in the language of the statute allegedly violated is sufficient to give notice. (People v. Singer, 217 Cal.App.2d 743 [32 Cal. Rptr. 701]; People v. Lamb, 204 Cal. App.2d 255 [22 Cal.Rptr. 284].) The probable cause to hold the accused to answer was supplied under oath at the preliminary hearing, and upon this evidence the information was filed and defendant prosecuted. (People v. Atwood, 223 Cal.App.2d 316, 323 [35 Cal.Rptr. 831].) The contention of defendant to the effect that the municipal court had no jurisdiction of the person, lawfully arrested and brought before the magistrate, is without merit."

█ We conclude, therefore, from our own reading and analysis of the transcript and for the reasons so well expressed by the District Court of Appeal, that the petition before us raises no valid

constitutional question and must therefore be dismissed.

The clerk is directed to serve copies of this order, by United States mail, upon all parties to this cause.